## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

ELIA LEON, individually and as
Personal Representative
of the Estate of Martin Leon, Deceased,

      Plaintiff,

vs.                             No. _____

FEDEX GROUND PACKAGE SYSTEM, INC.,

      Defendant.

## COMPLAINT TO RECOVER DAMAGES
## FOR PERSONAL INJURY & WRONGFUL DEATH
## (JURY TRIAL DEMANDED)

For her complaint against the defendant, plaintiff makes the following averments:

1.      Plaintiff brings this action seeking damages for personal injury and death caused by a heavy truck crash on November 30, 2011 in Cibola County, New Mexico.

## PARTIES AND JURISDICTION

2.      Plaintiff Elia Leon was appointed personal representative of the Estate of Martin Leon on April 24, 2012 by the Thirteenth Judicial District Court of the County of Cibola, State of New Mexico.

3.      Plaintiff Elia Leon, as personal representative of the Estate of Martin Leon,  is a resident of and domiciled in the County of Los Angeles, State of California.

4.      The deceased, Martin Leon, was the spouse of Elia Leon and was a resident of and domiciled in the County of Los Angeles, State of California at the time of his death.

1

5.      Defendant FedEx Ground Package System, Inc. [hereinafter "FedEx Ground, Inc."] is a Delaware corporation doing business in and traveling over the highways of the State of New Mexico.

6.      At all material times, defendant FedEx Ground, Inc. was a motor carrier operating under authority of the Federal Motor Carrier Safety Administration with a DOT permit number 265752.  As such, FedEx Ground, Inc. engaged in the transaction of business within the State of New Mexico and committed tortious acts in the State of New Mexico.

7.      At all material times, defendant FedEx Ground, Inc. was the owner and/or lessee and motor carrier operating a tractor-trailer driven by Federico Martinez-Leandro, and said defendant individually authorized and was responsible for the use of that tractor trailer by Federico Martinez-Leandro under its operating authority as a motor carrier. The FedEx Ground, Inc. DOT number 265752 was displayed on the tractor.

8.      At all material times, Federico Martinez-Leandro was an employee or agent of Eusebia Transportation, Inc.  Upon information and belief, Federico Martinez-Leandro operated the tractor-trailer as an employee of Eusebia under a lease of the tractor and driver by Eusebia to FedEx Ground, Inc.  It is believed the trailers were owned by defendant FedEx Ground, Inc.  FedEx Ground, Inc. is responsible for any negligence of Federico Martinez-Leandro as its borrowed servant and under the doctrine of *respondeat superior*.

9.      The occurrence giving rise to this action occurred in Cibola County, State of New Mexico.

10.     There is complete diversity of citizenship between the plaintiff and the defendant.

11.     The amount in controversy, without interest and costs, exceeds the sum or value specified in 28 U.S.C. §1332.  Jurisdiction over the parties is appropriate pursuant to 28 U.S.C. §1332 and venue is proper in this Court.


### FACTS OF THE CRASH

12.     At approximately 11 p.m. on November  30, 2011, Federico Martinez-Leandro, was driving a tractor-trailer for and under the operating authority of  the defendant FedEx Ground, Inc. eastbound on Interstate 40 in Cibola County, New Mexico approximately .2 miles west of mile marker 89.

13.     The deceased Martin Leon was an authorized passenger in that tractor-trailer.

14.     The tractor-trailer driven by Martinez-Leandro was a commercial motor vehicle operated in interstate commerce.

15.     For reasons unknown to plaintiff, but which are alleged to have been negligent or negligent *per se*, or both, Federico Martinez-Leandro crashed the FedEx Ground, Inc. tractor-trailer into the rear of a tractor trailer operated by Larry A. Payne and Puckett Transportation while in the right hand travel lane of Interstate 40.

16.     As a result of that collision, Martin Leon suffered serious injuries and death.

## COUNT I

## NEGLIGENCE

17.     Plaintiff hereby realleges and incorporates herein the allegations set forth in the foregoing paragraphs.

18.     Defendant owed a duty of care to maintain and to operate its commercial motor vehicle in a safe manner and in compliance with all safety rules, including statutes, rules and regulations governing the operation and maintenance of vehicles, including tractor trailers, upon New Mexico and interstate roadways.

19.     Defendant had a duty to maintain and operate the tractor trailer so that it was safe to operate on public roads.

20.     Defendant had a duty to retain records of the operation and maintenance of the tractor trailer involved in the crash.

21.     Defendant breached its duty of care by maintaining and operating its vehicles in a manner that was negligent or negligent *per se*, or both, prior to the crash, including but not limited to:

a.     Failing to yield;

b.     Traveling too fast for conditions;

c.     Failing to keep a proper lookout;

d.     Failure to exercise due care in the operation and maintenance of the vehicle;

e.     Failure to operate the vehicle in a safe and reasonable manner and under control;

f.    Failure to make sure that the driver was knowledgeable and skilled in night driving, emergency maneuvers and vehicle inspections.

g.    Driving a vehicle in violation of existing codes, statutes and ordinances;

h.    Driving a vehicle while inattentive to other vehicles and roadway conditions.

22.    The negligence of defendant as a corporation and acting through its borrowed servant, Federico Martinez-Leandro, caused injuries to and death of Martin Leon.

23.    As a direct, proximate, and foreseeable result of the negligence of the defendant, plaintiff's decedent sustained physical injuries and death; endured pain and suffering and plaintiff lost the companionship of and consortium with her husband Martin Leon.

24.    Defendant FedEx Ground, Inc. is liable for its own negligence and for the negligent conduct of its driver, Federico Martinez-Leandro, by operation of common law and by operation of Federal Motor Carrier statutes and regulations and.

25.    Federico Martinez-Leandro was acting in the scope of his status as a borrowed servant of defendant FedEx Ground, Inc. and had sufficient discretionary authority to act for defendant FedEx Ground, Inc. with regard to the operation of the defendants' tractor trailer.

## COUNT II

## SAFETY VIOLATIONS, NEGLIGENT OPERATIONS
## AND AIDING AND ABETTING

26.     Plaintiff hereby realleges and incorporates herein the allegations set forth in the foregoing paragraphs.

27.     Defendant FedEx Ground, Inc. was the motor carrier and operator of the tractor and trailer involved in the collision described in this complaint.

28.     Defendants had non-delegable duties to maintain and operate the vehicle involved in the collision in conformance with applicable safety rules, amd omdistru standards, including Federal Motor Carrier Safety Act ("FMCSA") regulations, and in such a way as to not harm the public.

29.     Defendant FedEx Ground, Inc. had a duty to make sure its drivers, including Federico Martinez-Leandro, were qualified to operate safely its tractor trailers in such a way as to not harm the public.

30.     Defendant FedEx Ground, Inc. had a duty to train its drivers, including Federico Martinez-Leandro, to operate safely its tractor trailers in such a way as to not harm the public.

31.     Defendant FedEx Ground, Inc. had a duty to supervise its drivers, including Federico Martinez-Leandro, to make sure its tractor trailers are operated in such a way as to not harm the public.

32.     Defendant FedEx Ground, Inc. had a duty to require Federico Martinez-Leandro to comply with federal, state and  industry standard safety rules.

6

33.     Defendant had a duty to comply with all of the applicable safety rules, including trucking industry safety standards, state traffic laws and FMCSA regulations pertaining to the hiring of drivers, operation of trucks, maintenance of trucks, and other activities on interstate highways.

34.     Defendants violated some or all of the duties alleged above.

35.     Upon information and belief, defendant FedEx Ground, Inc. aided and abetted Federico Martinez-Leandro in violating some or all of the duties alleged above.

36.     The violations of its duties by defendant FedEx Ground, Inc. was negligent and was negligent *per se*.

37.     The negligence and negligence *per se* of defendant was a proximate cause of the accident described in this complaint and the damages to plaintiff and death of plaintiff's decedent.

38.     The negligence and negligence *per se* of defendant involved the operation of a motor vehicle upon the highways of this state, the transaction of business within this state, and the commission of tortious acts that concluded in this state and caused damage in this state.

39.     As a direct, proximate, and foreseeable result of the negligence of the defendant, Martin Leon sustained physical injuries and suffered death.

40.     Martin Leon was 48 years old at the time of his death on November 30, 2011, leaving as surviving family and as beneficiaries his spouse Elia Leon and three children, Luis Martin Leon, Adrian Tovar Leon and Juanita Isabel Leon.

41.     Plaintiff Elia Leon, individually and as personal representative of the Estate of Martin Leon is entitled to receive wrongful death damages under New Mexico

law, including compensatory, exemplary, punitive and other damages for the injury resulting from the death to Martin Leon to his surviving family members, heirs and beneficiaries, taking to consideration the aggravating circumstances of the wrongful act, neglect, default and carelessness of the defendant.

42.    Plaintiff Elia Leon, individually and as personal representative of the Estate of Martin Leon is entitled to compensation for the following wrongful death damages and other damages not known at this time but provable at trial:

a)    The reasonable expenses of necessary medical care and treatment, funeral and burial of Martin Leon;

b)    The pain and suffering experienced by Martin Leon from the moment of impact and collision of the vehicles and the moment of death from injuries he sustained in the impact and collision;

c)    The lost earnings, lost earnings capacity and value of household services of Martin Leon, considering his age, earnings capacity, vocation, health habits and life expectancy;

d)    The value of Martin Leon's life apart from his earnings capacity;

e)    The aggravating circumstances attendant to the act causing the wrongful death, negligence, carelessness and recklessness;

f)    The loss of consortium and emotional distress to plaintiff Elia Leon and other surviving family members, heirs and beneficiaries caused by the loss of society, guidance, companionship and familial relations engaged in with Martin Leon;

g)    The loss of guidance and counseling to Elia Leon and other family members, heirs and beneficiaries;

h)      The loss to Elia Leon and other family members and heirs of their expected benefits that have a monetary value and non-monetary value.

43.     The actions of defendant FedEx Ground, Inc. were careless, reckless and done without regard to the safety and welfare of the public, including Martin Leon. Plaintiff Elia Leon is therefore entitled to punitive and exemplary damages.

WHEREFORE, plaintiff prays for the following relief:

A.      For judgment in his favor and against the defendants in amounts to be proved at trial as allowed by New Mexico law, together with prejudgment interest and costs;

B.      For punitive damages for the limited purpose of punishment and to deter others from like behavior;

C.      For such other and further relief that the Court deems just and proper;

D.      Trial by jury is respectfully requested.

Respectfully submitted,

BARBER & BORG, LLC

By   _/s/ Paul D. Barber_____
          Paul D. Barber
          P.O. Box 30745
          Albuquerque, NM  87190
          (505) 884-0004


CARUSO LAW OFFICES, P.C.

By:   ___/s/ Mark J. Caruso_____
          Mark J. Caruso
          4302 Carlisle Blvd. NE
          Albuquerque, NM  87107
          (505) 883-5000

          Attorneys for Plaintiff