IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ELIA LEON, Individually and
as Personal Representative of the
Estate of MARTIN LEON, Deceased,
   Plaintiff,

vs.               No. 1:13-CV-01005-JB-SCY

FEDEX GROUND PACKAGE SYSTEM, INC.,
   Defendant.

### DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFF'S DAMAGE CLAIM FOR PAIN AND SUFFERING

Pursuant to Federal Rule of Civil Procedure 56, FedEx Ground Package System, Inc. ("FGPS") respectfully requests this Court grant partial summary judgment, dismissing Plaintiff's damage claim for conscious pain and suffering for decedent Martin Leon. Pursuant to D.N.M.LR-Civ. 7.1(a), counsel for FGPS contacted Plaintiff's counsel prior to filing this Motion, and Plaintiff opposes this Motion. FGPS therefore submits the following statement of supporting points and authorities in compliance with D.N.M. LR-Civ. 7.3.

**I. INTRODUCTION.**

This case involves a commercial motor vehicle accident on November 30, 2011, that occurred at approximately 11:30 p.m. The Eusebia Transportation ("Eusebia") truck pulling FGPS trailers left from Industry, California, heading toward Kentucky. On that night, Larry Payne was driving a tractor-trailer for Puckett Transportation, Inc. (Plaintiff has settled with Puckett Transportation, Inc. and Mr. Payne in an earlier complaint). As Mr. Payne was entering the highway at a slow speed (approximately 34-38 mph) from the shoulder of the road into the right lane of I-40, the right passenger side of the Eusebia tractor impacted with the left rear end

of the trailer that Mr. Payne was driving. Eusebia was an independent contractor for FGPS. Plaintiff's decedent, Martin Leon, the co-driver, was asleep in the sleeper compartment of the Eusebia tractor at the time of the impact. Mr. Leon was ejected at impact and sustained immediate fatal injuries (dismembered). Eusebia driver Federico Martinez-Leandro suffered a laceration to his head, a concussion, and other contusions. Plaintiff has listed no lay or fact witnesses to show that Mr. Leon suffered conscious pain and suffering between the time of his injury and his death.

## II. STATEMENT OF MATERIAL FACTS.

1. Plaintiff's complaint seeks damages for the pain, suffering for decedent Martin Leon. (Compl. Recover Damages Personal Injury & Wrongful Death (Jury Trail Demanded) ("Complaint") ¶¶ 23, 42.)

2. Plaintiff has not disclosed a medical expert in this case.

3. Plaintiff has no evidence that Mr. Leon experienced conscious pain and suffering prior to his death.

## III. SUMMARY JUDGMENT STANDARD.

Summary judgment is "an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1), *not followed on other grounds by Romero v. Philip Morris, Inc.,* 2009-NMCA-022, 145 N.M. 658, 203 P.3d 873, *aff'd in part, rev'd in part on other grounds*, 2010-NMSC-035, 148 N.M. 713, 242 P.3d 280. "Summary judgment is appropriate when [the court], viewing the record in the light most favorable to the non-moving party, [determines that] there is no genuine dispute over a material

fact and the moving party is entitled to judgment as a matter of law." *Thrasher v. B & B Chem. Co.*, 2 F.3d 995, 996 (10th Cir. 1993) (internal quotation marks & citation omitted).

The summary judgment movant bears the initial burden of showing "that there is an absence of evidence to support the non-moving party's case." *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991) (internal quotation marks & citation omitted). Once the movant meets this burden, "Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)). The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Biester v. Midwest Health Servs., Inc.*, 77 F.3d 1264, 1266 (10th Cir. 1996) (internal quotation marks & citation omitted). Similarly, the non-moving party must demonstrate that something more than a "mere scintilla of evidence" supports the non-movant's position. *Hom v. Squire*, 81 F.3d 969, 973 (10th Cir. 1996). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation marks & citation omitted), *not followed on other grounds by Romero v. Philip Morris, Inc.*, 2009-NMCA-022, 145 N.M. 658, 203 P.3d 873, *aff'd in part, rev'd in part on other grounds*, 2010-NMSC-035, 148 N.M. 713, 242 P3d 280.

### IV.     **ARGUMENT AND AUTHORITIES.**

According to New Mexico law, a decedent's personal representative is entitled to recover damages for a decedent's conscious pain and suffering experienced between the time of injury and the time of death. *Stang v. Hertz Corp.*, 1969-NMCA-118, ¶ 44, 81 N.M. 69, 463 P.2d 45;

*see also Haceesa v. United States*, 309 F.3d 722, 734 (10th Cir. 2002) ("Damages may be awarded in [an action brought pursuant to the New Mexico Wrongful Death Act] for, among other things, the decedent's *conscious* pain and suffering. . . ." (emphasis added)); UJI 13-1830 NMRA (instructing jury that wrongful-death measure of damages includes, among other things, "[t]he pain and suffering experienced by the deceased between the time of injury and death")

FGPS seeks partial summary judgment that Plaintiff is not entitled to recover pain and suffering damages for Mr. Leon. Plaintiff has the burden of proving the existence of injuries and resulting damage with reasonable certainty. UJI 13-1802 NMRA; *Mascarenas v. Jaramillo*, 1991-NMSC-014, ¶ 22, 111 N.M. 410, 806 P.2d 59; *Sanchez v. Martinez*, 1982-NMCA-168, ¶ 20, 99 N.M. 66, 653 P.2d 897. Thus, to prove compensatory damages such as pain and suffering, Plaintiff must present "evidence afford[ing] data, facts, and circumstances from which the actual loss can be determined with reasonable certainty;" and Plaintiff must make such showing "by a preponderance of the evidence." *Jemez Props., Inc. v. Lucero*, 1979-NMCA-162, ¶ 20, 94 N.M. 181 608 P.2d 157. An award of damages predicated upon conjecture, guess, surmise, or speculation is improper and cannot be sustained. *Cent. Sec. and Alarm Co. v. Mehler*, 1996-NMCA-060, ¶ 22, 121 N.M. 840, 918 P.2d. 1340; *Sanchez*, 1982-NMCA-168, ¶ 20. As discussed below, Plaintiff cannot meet her burden to prove conscious pain and suffering of Mr. Leon. No evidence exists to support such damages. *See* Statement of Material Facts ("SOF") No. 3. No triable issue of fact exists as to pain and suffering damages, and FGPS is entitled to judgment as a matter of law that such damages cannot be awarded to Plaintiff.

**A.  THERE IS NO EVIDENCE OF PAIN AND SUFFERING ON THE PART OF MR. LEON.**

Plaintiff asserts a claim for pain and suffering damages allegedly experienced between the time of Mr. Leon's injuries and his death. In addition to the general burden of proof as to

damages imposed on a plaintiff by *Mascarenas,* 1991-NMSC-014, ¶ 22, *Sanchez*, 1982-NMCA-168, ¶ 20, *Jemez Properties*, 1979-NMCA-162, ¶ 20, and *Central Security*, 1996-NMCA-060, ¶ 22, a wrongful death plaintiff seeking to recover for her decedent's pain and suffering must prove, by a preponderance of the evidence, that the decedent was conscious after injury. *See Rival v. Atchison, Topeka & S.F. Ry.*, 1957-NMSC-007, ¶ 34, 62 N.M. 159, 306 P.2d 648 (in an action by section hand's administratix against railroad for section hand's death caused by sunstroke, the railroad could be held liable for decedent's pain and suffering, but only for the time period decedent was conscious, not for the time period he was unconscious). Plaintiff has failed to come forward with any evidence that Mr. Leon was conscious from the time of injury until the time of his death.

Any award of damages for pain and suffering on behalf of the decedents would be based purely on conjecture. Thus, pain and suffering damages are unwarranted. *See e.g., Cominsky v. Donovan*, 846 A.2d 1256, 1260 (Pa Super. Ct. 2004) (where the evidence shows that decedent is unconscious for the entire period between the time of injury and the time of death, there can be no recovery for pain and suffering); *Monnin v. Fifth Third Bank of Miami Valley, N.A.*, 658 N. E. 2d 1140, 1149-50 (Ohio App, 1995) (there can be no recovery for a decedent's pain and suffering where the decedent was rendered unconscious at the instant of the injury and died of such injuries without ever having regained consciousness); *Boston v. Dunham*, 711 N.Y.S.2d 54, 58 (N.Y. App. Div. 2000) (In a wrongful death action arising out of an automobile collision, the motorcyclist's estate could not recover damages for pain and suffering and post-impact terror, where a witness at the accident scene indicated that the motorcyclist was unresponsive and made gurgling noises for only a few seconds). The undisputed material evidence is that Mr. Leon did not experience conscious pain and suffering prior to his death. *See* SOF No. 2. Plaintiff has not

and cannot meet her burden to demonstrate that Mr. Leon experienced conscious pain and suffering from the time of his injury until his death.

## V. CONCLUSION.

There is no triable issue of fact concerning Plaintiff's claim of damages for pain and suffering for Mr. Leon. FGPS is entitled to judgment as a matter of law.

Respectfully submitted,

RODEY, DICKASON, SLOAN, AKIN & ROBB, PA

By: /s/ Brenda M. Saiz
    Brenda M. Saiz
    Michael E. Kaemper
    Tyler M. Cuff
PO Box 1888
Albuquerque, NM 87103
Telephone: (505) 765-5900
Facsimile:  (505) 768-7395
Email: bsaiz@rodey.com
       mkaemper@rodey.com;
       tcuff@rodey.com
*Attorneys for FedEx Ground Package System, Inc.*

## CERTIFICATE OF SERVICE

     I hereby certify that a copy of the foregoing pleading was served via the Court's CM/ECF system this 16th day of November, 2015, to the following counsel of record:

| | |
|---|---|
| Mark J. Caruso, Esq. | Paul David Barber |
| Rob M. Baskerville, Esq. | Barber & Borg LLC |
| Caruso Law Offices, P.C. | PO Box 30745 |
| 4302 Carlisle Blvd. N.E. | Albuquerque, NM 87190-0745 |
| Albuquerque, NM 87107 | |
| *Attorneys for Plaintiff* | |

By: /s/ Brenda M. Saiz
    Brenda M. Saiz