IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ELIA LEON, individually and as
Personal Representative
of the Estate of Martin Leon, Deceased,

    Plaintiff,

vs.                                            No. 1:13-CV-01005 JB/SCY

FEDEX GROUND PACKAGE SYSTEM, INC.,

    Defendant.

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFF'S CLAIM FOR AIDING AND ABETTING**

Plaintiff hereby responds to and opposes Defendant FedEx Ground Package, Inc.'s (hereinafter "FedEx") Motion for Partial Summary Judgment on Plaintiff's Claim for Aiding and Abetting as follows:

**I.    Statement of undisputed material facts**

    1.    FedEx did not provide any training to Mr. Martinez-Leandro.

    2.    FedEx has a duty to train its drivers to follow the Federal Motor Carrier Safety Regulations. FMCSR §390.11

    3.    It is unlawful for a person or entity to "aid, abet, encourage, or require a motor carrier or its employees to violate the rules of this chapter." FMCSR §390.13

## II.   Argument

Defendant FedEx Ground has made absolutely no showing that it is entitled to partial summary judgment as a matter of law, as required by Rule 56(c)(1).  Plaintiff hereby objects to the bald assertions made by defendant.

Defendant FedEx Ground had a nondelegable duty under federal law to make sure that its drivers knew and understood the Federal Motor Carrier Safety Regulations and were knowledgeable and qualified and trained to drive safely. FMCSR §390.13.   FedEx , as a matter of longstanding corporate policy, attempts to delegate that duty with contractual obligations stating that hundreds of "mom and pop" small operators will train and supervise their drivers while FedEx attempts to wash its hand of any duty to provide training or education. See deposition of Michael Sear, 23:14-16; 51:4-9; 63:7-20 attached as Exhibit A.

FedEx's avoidance of training is deliberate and intentional.  Defendant FedEx knows or should know that untrained and unqualified drivers can kill and maim people on the highways.  Drivers with no training on fatigue recognition or avoidance, or in repeated instruction on proper lane changing and rules of the road, are prone to kill people.  Defendant FedEx killed or injured, on average, one person per day in the three years prior to the crash in this case.

In this case, Mr. Martinez-Leandro admitted that he "thought he fell asleep."  See deposition of Steven Shutiva, 15:5-8, attached as Exhibit B.  He also admitted that he saw the other truck up ahead on the highway, and moved into the left or innermost lane while passing a car.  He then admitted that he turned back into the right hand lane and the other truck was "almost right there"  See deposition of Federico Martinez-Leandro, pp. 34,35 (Attached as Exhibit C). FedEx admits it does not train its drivers.  There is ample evidence in the

2

testimony of FedEx at its 30(b)(6) deposition and the admissions of its driver in his deposition from which a jury could determine that FedEx aided and abetted Mr. Martinez-Leandro in unsafe driving.

The Federal Motor Carrier Safety Rules [FMCSR §390.13] expressly state: "No person shall aid, abet, encourage or require a motor carrier or its employees to violate the rules of this chapter." That chapter requires adherence to state and local laws, and requires the motor carrier to require observance by its drivers of federal driver regulations. In this case, FedEx aided or abetted its driver, Martinez-Leandro, in either sleeping while he was driving or making an unsafe lane change in violation of New Mexico Statutes. Defendant failed to show there are no genuine issues of material fact regarding FedEx aiding and abetting its driver to violate the Federal Motor Carrier Safety Regulations and state and local laws. In fact, there is ample evidence from which a jury could determine that FedEx Ground violated its duty not to aid or abet its driver, Martinez-Leandro.

Defendant's motion is unsupported and it must be denied.

    Respectfully submitted,

    BARBER & BORG, LLC

    By __/s/ Paul D. Barber_____
       Paul D. Barber
       P.O. Box 30745
       Albuquerque, NM 87190
       (505) 884-0004

    CARUSO LAW OFFICES, P.C.

    By: ____/s/ Mark J. Caruso_____
       Mark J. Caruso
       4302 Carlisle Blvd. NE
       Albuquerque, NM 87107
       (505) 883-5000

Attorneys for Plaintiff

I hereby certify that on the 3rd day of December, 2015, the foregoing document was filed electronically through the CM/ECF system, which caused the following counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing to: mark@carusolaw.com; bsaiz@rodey.com; mkaemper@rodey.com