IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ELIA LEON, Individually and
as Personal Representative of the
Estate of MARTIN LEON, Deceased,
    Plaintiff,

vs.                                                        No. 1:13-CV-01005-JB-SCY

FEDEX GROUND PACKAGE SYSTEM, INC.
    Defendants.

## DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC'S REPLY IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFF'S CLAIM FOR AIDING AND ABETTING

FedEx Ground Package System, Inc. ("FGPS") hereby submits this Reply in support of its Motion for Partial Summary Judgment on Plaintiff's Claim for Aiding and Abetting [Doc. 68] ("Motion"). Plaintiff filed her Response to Defendant's Motion for Partial Summary Judgment on Plaintiff's Claim for Aiding and Abetting ("Response") [Doc. 90] on December 3, 2015.

**I.**     **Plaintiff's Statement of Facts Do Not Create a Genuine Issue of Fact Sufficient to Defeat Summary Judgment.**

1.     FGPS disputes the bald assertion set forth in paragraph 1. It is unsupported by any cited evidence. The assertion is not based on cited evidence and merely reflects argument of counsel. Statements of counsel are not summary judgment evidence. *Thomas v. Wichita Coca-Cola Bottling Co.*, 968 F.2d 1022, 1025 (10th Cir. 1992).

2.     FGPS disputes the statement of law contained in paragraph 2. FMCSR § 390.11 does not impose a duty to train drivers. Section 390.11 merely states that a motor carrier is required to observe driver regulations. That section does not address training. As such, Plaintiff's reliance on this section is incorrect. Under the FMCSR, a driver can be qualified by either training or experience or both. *See* §391.11 (b)(3).

3. Plaintiff citation to FMCSR § 390.13 is not a fact, but a statement of law, and is therefore is a disputed statement of fact.

**II. Argument and Authorities**

In her Response, Plaintiff finally has provided the legal basis for which her aiding-and-abetting claim arises: FMCSR § 390.13. Response at 1, ¶ 3. However, Plaintiff has not and cannot show that she has created a genuine issue of fact to survive partial summary judgment. The claim fails as a matter of law.

Aiding-and-abetting claims made pursuant to § 390.13 are rare, according to a lack of case law on this topic. However, *Schramm v. Foster*, 341 F.Supp.2d 536 (D. Md. 2004) is persuasive on this issue. The *Schramm* court, in granting summary judgment on an aiding-and-abetting claim made pursuant the FMCSR § 390.13, found that the plaintiff failed to proffer sufficient evidence establishing the intent element of the claim. The court looked toward the claim of aiding-and-abetting in the criminal context[1]:

> In the criminal context, a defendant may be found guilty of *aiding* and *abetting* only if he has knowingly associated himself with and participated in the criminal venture. *Flowers v. Tandy Corp., 773 F.2d 585, 590 (4th Cir. 1985)*. The same standard applies in determining *aiding* and *abetting* liability in civil cases. *Id.* Association may be proven by establishing that the defendant shared in the principal's criminal intent. *Id.; U.S. v. Horton, 921 F.2d 540, 543 (4th Cir. 1990)* (in order to *aid* and *abet*, defendant must have participated in the crime as something that he desired to bring about and sought by his actions to make succeed). Evidence that the defendant merely brought about the arrangement that made the criminal acts of the principals possible does not alone support a conclusion that the defendant was aware of the criminal nature of the acts.

*Id.*, 341 F.Supp.2d 536, 550-551.

In *Schramm*, the issue was an hours-of-service violation of a driver under the FMCSR. In that case, the plaintiff alleged that the defendant did not monitor the driver's hours-of-service

---

[1] Other courts have applied state common law when determining the proper application of 49 C.F.R. § 390.13. *See Camp v. TNT Logistics Corp.*, 553 F.3d 502, 508 (7th Cir. 2009)(applying Illinois common law regarding the aiding and abetting of a plaintiff's own conduct).

log and the pick-up and delivery schedule of the driver encouraged the hours-of-service violation. The Court found plaintiff's proffered evidence that defendant may have brought about an arrangement to make it possible for the driver to violate the hours-of-service regulation did not reach the level of supporting a claim of aiding and abetting to defeat partial summary judgment under Section 390.13. In this case, there is absolutely no evidence that Mr. Martinez-Leandro violated the hours-of-service regulation. Indeed, Plaintiff's Response does not even address the regulation for drivers' hours. Plaintiff's citation to Section 390.11 and her claim that FGPS violated it by allegedly not training drivers is unsupported and unfounded. The section merely states that a motor carrier is required to observe the FMCSR. It does not mandate a duty to train drivers.

Here, Plaintiff has failed to offer any evidence that: (1) the cited regulation, § 390.11, was violated by Mr. Martinez-Leandro; (2) Mr. Leandro-Martinez intended to violate the regulation; and (3) FGPS knew and intended for Mr. Martinez-Leandro to violate the regulation with his alleged conduct in the motor-vehicle accident. Plaintiff's aiding-and-abetting claim fails as a matter of law.

Even if Plaintiff could show that § 390.11 was somehow violated by FGPS, it logically does not support an aiding-and-abetting claim for an alleged intentional violation by the principal, Mr. Martinez-Leandro, that FGPS intentionally participated in and approved. Plaintiff's apparent aiding-and-abetting claim, according to the Response, is really a negligence claim against FGPS, which Plaintiff has already alleged. Plaintiff's attempt to make an additional claim under § 390.11, based on the same theory, is specious and superfluous. Like the plaintiff in *Schramm*, Plaintiff here has failed to demonstrate the required nexus and intent by FGPS that it desired and knew that Mr. Martinez-Leandro *would* violate the cited FMCSR in

relation to the accident. The motion for partial summary judgment dismissing Plaintiff's aiding-and-abetting claim should be granted as a matter of law.

For the reasons set forth above and in its Motion, FGPS requests the Court grant FGPS' motion and enter an order dismissing Plaintiff's aiding-and-abetting claim with prejudice.

Respectfully Submitted By:

RODEY, DICKASON, SLOAN, AKIN & ROBB, PA

By: _____
Brenda M. Saiz
Michael E. Kaemper
Tyler Cuff
P.O. Box 1888
Albuquerque, NM 87103
Telephone: (505) 765-5900
Facsimile: (505) 768-7395
E-Mail: bsaiz@rodey.com
mkaemper@rodey.com
tcuff@rodey.com
*Attorneys for FedEx Ground Package System, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing pleading was served via the Court's CM/ECF system this 21st day of December, 2015, to the following counsel of record:

Mark J. Caruso, Esq.　　　　　　　　　　Paul David Barber
Rob M. Baskerville, Esq.　　　　　　　　Barber & Borg LLC
Caruso Law Offices, P.C.　　　　　　　　PO Box 30745
4302 Carlisle Blvd. N.E.　　　　　　　　Albuquerque, NM 87190-0745
Albuquerque, NM 87107
*Attorneys for Plaintiff*

By: _____
Michael Kaemper