IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ELIA LEON, individually and as personal
representative of the estate of MARTIN LEON,
deceased,

        Plaintiff,

vs.                                                                                      No. CIV 13-1005 JB/SCY

FEDEX GROUND PACKAGE SYSTEM, INC.,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant FedEx Ground Package System, Inc.'s Motion in Limine to Exclude Graphic Photographs, filed November 16, 2015 (Doc. 71)("Motion"). The Court held a hearing on December 22, 2015. The primary issues are: (i) whether the photographs of Martin Leon, the decedent, at the scene of the accident are relevant; and (ii) whether the photographs' danger of unfair prejudice substantially outweighs their probative value. The Court will deny the Motion. The Court concludes that the photographs are relevant to M. Leon's manner of death and thus the damages determination. The Court determines that the danger of unfair prejudice does not substantially outweigh the photographs' probative value. It will thus admit the photographs, subject to individualized objections at trial.

## FACTUAL BACKGROUND

The Court takes its facts from the Plaintiff's Complaint to Recover Damages for Personal Injury & Wrongful Death (Jury Trial Demanded), filed October 17, 2013 (Doc. 1)("Complaint"), the Motion, and Defendant FedEx Ground Package System, Inc.'s Response in Opposition to Plaintiff's Motion in Limine, filed December 3, 2015 (Doc. 93)("Hearsay Response"). On

November 30, 2011, at roughly 11:00 p.m., Federico Martinez-Leandro was driving a tractor-trailer "eastbound on Interstate 40 in Cibola County, New Mexico approximately .2 miles west of mile marker 89."  Complaint ¶ 12, at 3.  M. Leon, an authorized passenger, was present in the tractor's cab.  See Complaint ¶ 13, at 3.  Martinez-Leandro crashed the tractor-trailer into the rear of a second tractor-trailer while in the right lane.  See Complaint ¶ 15, at 3.  M. Leon suffered serious injuries and death because of the accident.  See Complaint ¶ 16, at 3.

Martinez-Leandro was Eusebia Transportation, Inc.'s employee or agent.  See Complaint ¶ 8, at 2.  Eusebia Transportation had leased the tractor and Martinez-Leandro's services to FedEx Ground Package System, Inc., which provided the trailers and displayed its Department of Transportation number on the tractor.  See Complaint ¶ 7-8, at 2.

Larry Payne, a driver for Puckett Transportation, Inc., was driving the other tractor-trailer involved in the collision.  See Complaint ¶ 15, at 3.   Payne reported to police officers responding to the crash that he was sleeping in his truck on the highway's right shoulder when FedEx Ground's truck struck him from behind.  See Hearsay Response at 2.  Investigating officers later confronted Payne with physical evidence showing that the collision occurred in the right lane rather than on the shoulder.  See Hearsay Response at 2.  Payne then changed his account, providing a written statement that he was traveling at fifty-five miles per hour in the right lane immediately before the collision.  See Hearsay Response at 2.  E. Leon, FedEx Ground, and the New Mexico State Police subsequently reconstructed the accident, and all agree that Payne's truck was traveling in the outer lane of travel at less than the speed limit.  See Motion at 5; Hearsay Response at 2 (stating that Payne was traveling "well below the speed limit, at approximately 34 to 38 mph").

**PROCEDURAL BACKGROUND**

Plaintiff Elia Leon brought suit as decedent M. Leon's widow and personal representative on October 17, 2013. See Complaint ¶¶ 2, 4, at 1. E. Leon alleges two causes of action in her Complaint: (i) a negligence and negligence per se claim based on FedEx Ground's failure to maintain and operate the vehicle in a safe manner, see Complaint ¶¶ 17-25, at 4-5; and (ii) a negligence and negligence per se claim based on FedEx Ground's failure to maintain and operate the vehicle in compliance with applicable safety rules and administrative standards, see Complaint ¶¶ 26-39, at 5-7. E. Leon seeks actual and compensatory, exemplary, and punitive damages. See Complaint ¶¶ 41-43, at 7-9.

### 1.    The Motion.

On November 16, 2015, FedEx Ground moved to exclude "inflammatory and gruesome photographs of Martin Leon, including the photographs taken by the Office of Medical Investigator ('OMI') and the photographs taken by the New Mexico State Police ('State Police') at the scene of the accident." Motion at 1. FedEx Ground explains that, at the time of the crash, M. Leon was sleeping in the tractor-trailer's sleeping compartment. See Motion at 2. According to FedEx Ground, when the trucks collided, M. Leon "was thrown from the vehicle upon impact and dismembered. Leon died immediately upon impact." Motion at 2. FedEx Ground first argues that the photographs "shed no light upon the facts of consequence to the determination of this action." Motion at 3. It notes that it "does not dispute that Leon was killed immediately at the scene of the accident and as a result of the accident." Motion at 3. FedEx Ground then contends that "any slight probative value is substantially outweighed by unfair prejudice, confusion of the issues, misleading the jury, and wasting time under Rule 403." Motion at 3. It explains that the "gruesome and disturbing" photographs would cause the jury to reach a verdict

- 3 -

"based solely on an emotional reaction" and would distract the jury from "the facts actually at issue."  Motion at 3.

### 2.      The Response.

E. Leon responded on November 25, 2015.  <u>See</u> Plaintiff's Response to Defendant's Motion *In Limine* to Exclude Graphic Photographs, filed November 25, 2015 (Doc. 80)("Response").  E. Leon argues that the photographs are relevant to "damages, which include the aggravating circumstances attendant to the act causing the wrongful death, negligence, carelessness, recklessness, and the emotional distress of Martin Leon's family."  Response at 1. She adds that they will help to rebut one of FedEx Ground's experts, who plans to testify that M. Leon died instantly.  <u>See</u> Response at 2.  E. Leon then argues that rule 403 of the Federal Rules of Evidence should not bar the photographs' admission.  <u>See</u> Response at 2.  She states that "the judicious use of those photographs should be a matter of plaintiff's choice, tempered by the Court's discretion at the time such exhibits are offered."  Response at 2.  She concludes that FedEx Ground "is not entitled to white-wash or sugar-coat the consequences of its destructive behavior."  Response at 2.

### 3.      The Reply.

FedEx Ground replied on December 14, 2015.  <u>See</u> FedEx Ground Package System, Inc.'s Reply in Support of its Motion in Limine to Exclude Graphic Photographs, filed December 14, 2015 (Doc. 97)("Reply").  FedEx Ground repeats its earlier arguments that the photographs are irrelevant.  It disputes that the photographs are relevant to damages:

> FGPS has retained an expert witness, as Plaintiff notes, to testify regarding this very point.  Indeed, the jury will not be vested with the task of making medical conclusions based on their observations of the photos.  FGPS' medical expert's testimony will be sufficient to support FGPS' argument that Mr. Leon died instantly.  Had Plaintiff wished to prove pain and suffering, she should have met that burden by establishing, through expert testimony, that this was the case.  She did not.

Reply at 2.  It adds that the photographs "show only that he died at the scene of the accident, which [FedEx Ground] does not dispute."  Reply at 2.  It asserts that the parties "will be able to adequately present their cases using expert testimony and admissible evidence, without the need to resort to such distracting, disturbing, and inflammatory photographs."  Reply at 2.

> **4.       The Hearing.**

The Court held a hearing on December 22, 2015.  See Transcript of Hearing, taken December 22, 2015 (Doc. 128)("Tr.").  The Court opened the discussion by explaining that it was inclined to deny the Motion:

> I've done enough criminal trials that I guess I would be surprised if I looked at the photographs and thought that they should not come into evidence.  It seems to me that this may be relevant to the pain and suffering issue, another way to prove what occurred at the accident, the magnitude of it.

Tr. at 88:6-12 (Court).

FedEx Ground emphasized that the photographs show only undisputed facts -- that M. Leon died at the scene of the accident.  See Tr. at 89:13-15 (Yates).  It again argued that the photographs' admission would result in "an inflated verdict, most likely for the plaintiff."  Tr. at 89:18-19 (Yates).  E. Leon replied that: (i) she should be allowed "some leeway" in presenting her case to the jury; and (ii) that the Court should wait until trial to rule on the photographs.  Tr. at 90:1-16 (Barber).  E. Leon noted that the photographs' relevance would depend "on what their expert says about how the death occurred, where it may be necessary to show them something on cross-examination."  Tr. at 90:8-11 (Barber).  She added that she would list her exhibits pretrial and give the Court an opportunity to rule on specific photographs before admitting them.  See Tr. at 90:13-16 (Barber).

FedEx Ground responded with a more specific argument for exclusion.  See Tr. at 90:19-91:18.  It explained that "it's not the jury's place to make a medical -- to act as a medical expert to determine -- the jury will take the expert testimony to evaluate how Mr. Leon died. There is just simply no need for the jury to see these pictures."  Tr. at 91:13-18 (Yates).

The Court reaffirmed its original position:

> I'm inclined to deny the motion.  It seems to me that a couple of pictures are not going to be unfairly prejudicial.  I've got to allow the plaintiff some ability to prove their case, and some leeway there.  And this doesn't strike me as an area that I ought to start telling the plaintiff how to prove different things.  I do think that the issue of how he died and the pain and suffering issue, it's all wrapped up a little bit.  So I do think it has some relevance.

Tr. at 92:16-25 (Court).

## LAW REGARDING THE RELEVANCY OF EVIDENCE

"The rules of evidence contemplate the admission of relevant evidence, and the exclusion of irrelevant and potentially prejudicial evidence."  Train v. City of Albuquerque, 629 F. Supp. 2d 1243, 1247 (D.N.M. 2009)(Browning, J.)(citing Fed. R. Evid. 401, 402, 403).  "Relevant evidence is evidence that has a tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  United States v. Gutierrez-Castro, No. CR 10-2072 JB, 2011 WL 3503321, at *3 (D.N.M. Aug. 6, 2011)(Browning, J.)(citing Fed. R. Evid. 401 ("Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.")).  "The standard for relevancy is particularly loose under rule 401, because '[a]ny more stringent requirement is unworkable and unrealistic.'"  United States v. Ganadonegro, 854 F. Supp. 2d 1088, 1127 (D.N.M. 2012) (Browning, J.)(quoting Fed. R. Evid. 401 advisory committee's note).  Irrelevant evidence, or

that evidence which does not make a fact of consequence more or less probable, however, is inadmissible.  See Fed. R. Evid. 402 ("Irrelevant evidence is not admissible.").

## LAW REGARDING RULE 403

Rule 403 provides: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.  Under rule 403, the trial court must weigh the proffered evidence's probative value against its potential for unfair prejudice.  See United States v. Record, 873 F.2d 1363, 1375 (10th Cir. 1989)(Baldock, J.).  "[I]t is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter [under rule 403]."  United States v. Pettigrew, 468 F.3d 626, 638 (10th Cir. 2006)(Tacha, J.)(quoting United States v. Sides, 944 F.2d 1554, 1563 (10th Cir. 1991)(Brorby, J.)).  The United States Court of Appeals for the Tenth Circuit has reminded district courts that they should be "mindful" that "exclusion of evidence under Rule 403 that is otherwise admissible under the other rules is an extraordinary remedy and should be used sparingly."  United States v. Smalls, 605 F.3d 765, 787 (10th Cir. 2010)(Baldock, J.).

The decision to admit or exclude evidence pursuant to rule 403 is within the trial court's discretion, see United States v. Lugo, 170 F.3d 996, 1005 (10th Cir. 1999)(Kelly, J.), and the trial court's discretion to balance possible unfair prejudice against probative value is broad, see United States v. Bice-Bey, 701 F.2d 1086, 1089 (4th Cir. 1983)(Ervin, J.); United States v. Masters, 622 F.2d 83, 87-88 (4th Cir. 1980)(Russell, J.).  As the Supreme Court of the United States has noted:

> In deference to a district court's familiarity with the details of the case and its greater experience in evidentiary matters, courts of appeals afford broad

discretion to a district court's evidentiary rulings . . . .  This is particularly true with respect to Rule 403 since it requires an "on-the-spot balancing of probative value and prejudice, potentially to exclude as unduly prejudicial some evidence that already has been found to be factually relevant."

Sprint/United Mgmt. Co. v. Mendelsohn, 552 U.S. 379, 384 (2008)(Thomas, J.)(quoting 1 Steven Alan Childress & Martha S. Davis, Fed. Standards of Review § 4.02, at 4-16 (3d ed. 1999)).  See United States v. Abel, 469 U.S. 45, 54 (1984)(Rehnquist, J.)("Assessing the probative value of [proffered evidence], and weighing any factors counseling against admissibility is a matter first for the district court's sound judgment under Rules 401 and 403 . . . .").

Evidence may be unfairly prejudicial if it would likely provoke the jury's emotional response or would otherwise tend to adversely affect the jury's attitude toward a particular matter.  See United States v. Rodriguez, 192 F.2d 946, 951 (10th Cir. 1999)(Sanborn, J.). Evidence is not unfairly prejudicial merely because it damages a party's case.  See United States v. Caraway, 534 F.3d at 1301; United States v. Curtis, 344 F.3d 1057, 1067 (10th Cir. 2003)(Ebel, J.); United States v. Martinez, 938 F.2d 1078, 1082 (10th Cir. 1991)(Holloway, J.).  Rather, "[t]o be unfairly prejudicial, the evidence must have 'an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.'"  United States v. Caraway, 534 F.3d at 1301 (quoting Fed. R. Evid. 403 advisory committee notes).

## ANALYSIS

The Court will deny the motion.[1]  First, the Court concludes that the photographs are

---

[1]The Court rules on the Motion, despite that it still lacks copies of the photographs, because it seeks to provide guidance to the parties on the eve of trial.  FedEx Ground suggested that the Court should view the photographs at two separate hearings, but neither party has provided them to the Court.  See Tr. at 88:21-22 (Yates); Transcript of Pretrial Proceedings at 16:11-25 (Saiz)(taken February  5, 2016).  The Court's citations to the transcript for the pretrial hearing refer to the court reporter's original, unedited version.  Any final version may contain slightly different page and/or line numbers.

relevant to show the manner of M. Leon's death and could affect the jury's damages determination.  Second, the Court concludes that the photographs' gruesome nature does not substantially outweigh their probative value.  The Court will admit the photographs.

## I.    THE PHOTOGRAPHS ARE RELEVANT TO SHOW THE MANNER OF DEATH.

The Court concludes that the photographs are relevant to show E. Leon's manner of death.   While FedEx Ground says that the manner of death is undisputed, E. Leon still must prove the fact.  A plaintiff should enjoy some leeway in how it goes about proving a fact and, ultimately, its case.

> [T]he accepted rule that the prosecution is entitled to prove its case free from any defendant's option to stipulate the evidence away rests on good sense.  A syllogism is not a story, and a naked proposition in a courtroom may be no match for the robust evidence that would be used to prove it.

Old Chief v. United States, 519 U.S. 172, 189 (1997).  Old Chief v. United States also states that the Court cannot ordinarily force the parties to stipulate to facts; parties can, except under very narrow circumstances, turn down the offered stipulation and proceed to prove the facts with the robustness that the party wishes.  See 519 U.S. at 186-87; Blue v. Int'l Bhd. of Elec. Workers Local Union 159, 676 F.3d 579, 585 (7th Cir. 2012)(applying the same principle in a civil case). "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.  E. Leon seeks to admit the photographs to show M. Leon's death and prove the manner of death.  See Response at 1-2.  At a minimum, E. Leon must show that M. Leon is dead and that he died as a result of the accident.  See Georgia Osteopathic Hosp., Inc. v. O'Neal, 198 Ga. App. 770, 779-80, 403 S.E.2d 235, 245 (1991)("The photographs at issue obviously had some relevance to the wrongful death aspect of the case in that they showed how the decedent had died.").  The photographs show death and the cause of that death -- a tragic accident.

M. Leon's manner of death is also relevant to E. Leon's request for relief for the "pain and suffering experienced by Martin Leon from the moment of impact and collision of the vehicles and the moment of death from injuries he sustained in the impact and collision." Complaint ¶ 42(b), at 8. The photographs could impact the jury's determination whether M. Leon suffered between the collision and his death. See Opio v. Wurr, 901 F. Supp. 1370, 1376 (N.D. Ill. 1995)(Shadur, J.)("Because Diaz' pain and suffering will represent a principal issue at trial, such photographs are probative and hence admissible."); 2 Stein on Personal Injury Damages Treatise § 8:21 (3d ed. 2015). For example, if his cranial cavity appears intact, the jury may find that it is more likely that he could have felt pain. The Honorable Joseph H. McKinley, Jr., United States District Judge for the Western District of Kentucky, confronted a similar issue in Shouse v. Daviess County, Kentucky, No. CIV.A.4:06CV-144-M, 2009 WL 3268450 (W.D. Ky. Oct. 5, 2009)(McKinley, Jr., J.)(unpublished):

> Shortly following Shouse's death, photographs were taken of his body. Wyatt argues that the nine photographs identified by the plaintiffs are irrelevant because they serve no useful purpose other than to gain sympathy from the jury. The plaintiffs argue that the photographs are relevant to show the amount of pain and suffering Shouse experienced before his death.

2009 WL 3268450, at *2. Judge McKinley agreed with the plaintiff, and held that "the nine photographs at issue may be relevant if they provide evidence of Shouse's conscious pain and suffering." 2009 WL 3268450, at *2 (postponing final admissibility decision until better copies of the photographs were provided). See Evoy v. CRST Van Expedited, Inc., 430 F. Supp. 2d 775, 780 (N.D. Ill. 2006)(Kennelly, J.)(concluding that morgue photographs were "relevant to pain and suffering because they showed the magnitude of the forces experienced by the decedent"); Bullard v. Barnes, 102 Ill. 2d 505, 519, 468 N.E.2d 1228, 1235 (1984)("If a photograph of a decedent has sufficient probative value it should be admitted in spite of the fact that it may be gruesome or inflammatory, and such a decision normally rests within the

discretion of the trial court."); <u>Paige ex rel Paige v. Mariner Health Care, Inc.</u>, No. CIVA.

506CV162DCBJMR, 2008 WL 7176042, at *4 (S.D. Miss. May 22, 2008)(Bramlette, J.)("The

photographs are demonstrative of the decedent's actual wounds and informative of the extent of

[] her potential pain and suffering in a way that mere recitation of wound sizes and contours

cannot impart.").

FedEx Ground's counterarguments are unconvincing.  That FedEx Ground has conceded

that "Leon was killed immediately at the scene of the accident and as a result of the accident"

does not make the photographs irrelevant, because FedEx Ground has not conceded that M. Leon

suffered pain and suffering.  Motion at 3.  E. Leon has not stipulated that M. Leon died instantly,

and she does not accept FedEx Ground's offer to stipulate.  Neither the Court nor FedEx Ground

can force E. Leon to stipulate to a fact to which she does not agree.

FedEx Ground argues, in a separate motion,[2] that the Court should grant partial summary

judgment on E. Leon's request for pain and suffering damages.  <u>See</u> Defendant FedEx Ground

Package System, Inc.'s Motion for Partial Summary Judgment on Plaintiff's Damage Claim for

Pain and Suffering, filed November 16, 2015 (Doc. 73)(" MSJ").  In the MSJ, FedEx Ground

reasons that: (i) E. Leon must prove the existence of conscious pain and suffering "with

reasonable certainty," as New Mexico law requires, <u>Sanchez v. Martinez</u>, 1982-NMCA-168, ¶

48, 653 P.2d 897, 902-03; (ii) E. Leon has not and cannot show that M. Leon was conscious

between the collision and his death, <u>see</u> MSJ at 4-5 (citing <u>Rival v. Atchison, Topeka & S.F. Ry.</u>,

1957-NMSC-007, ¶ 34, 62 N.M. 159, 306 P.2d 648); and (iii) the photographs cannot make this

---

[2]FedEx Ground's briefing on the Motion cites only one case, on a completely different point.  <u>See</u> Motion at 2-3 (citing <u>Therrien v. Target Corp.</u>, 617 F.3d 1242, 1256 (10th Cir. 2010)(denying a defendant's motion to exclude a security guard's testimony and its store policies based on rule 403)); Reply at 2.  The Court has thus searched its other filings to find relevant cases.

showing, because E. Leon has not provided expert testimony to explain them to the jury, <u>see</u> Reply at 2-3.  <u>See</u> <u>Drews v. Gobel Freight Lines, Inc.</u>, 144 Ill. 2d 84, 100, 578 N.E.2d 970, 978 (1991)("[M]orgue photographs are irrelevant when no evidence has been presented that the decedent could have actually experienced pain and suffering after the accident.").  The parties agree that E. Leon can recover for M. Leon's <u>conscious</u> pain and suffering between the collision and his death.  <u>See</u> MSJ at 3-4 (citing <u>Stang v. Hertz Corp.</u>, 1969-NMCA-118, ¶ 50, 463 P.2d 45, 55); Plaintiff's Response to Defendant's Motion for Partial Summary Judgment on Plaintiff's Damage Claim for Pain and Suffering at 2, filed December 3, 2015 (Doc. 84)("MSJ Response"). <u>See</u> <u>Haceesa v. United States</u>, 309 F.3d 722, 734 (10th Cir. 2002)("Damages may be awarded in such an action for, among other things, the decedent's conscious pain and suffering and medical and related care between the date of injury and death.").

The Court concludes that it should leave the question whether M. Leon was conscious at the time of his death to the jury for four reasons.  First, this case is at a different stage than many of FedEx Ground's cited cases.  Most of those cases analyze the sufficiency of plaintiffs' support for punitive damages claims after trial.  <u>See</u> <u>Mascarenas v. Jaramillo</u>, 1991-NMSC-014, ¶22, 806 P.2d 59, 64 (affirming trial court's determination of uncertain damages after bench trial); <u>Sanchez v. Martinez</u>, 1982-NMCA-168, ¶ 20, 653 P.2d 897, 903 (reversing trial court's judgment because the jurors did not agree on the amount of damages); <u>Rival v. Atchison, T. & S.F. Ry. Co.</u>, 1957-NMSC-007, ¶ 34, 306 P.2d 648, 654 (affirming award of pain and suffering damages because employee lived for an "appreciable length of time" after injury).  The cases

generally do not cut off plaintiffs' opportunity to present evidence of pain and suffering before trial.[3]

Second, other states' cases that foreclose the admission of pain and suffering evidence are distinguishable.  In Monnin v. Fifth Third Bank of Miami Valley, N.A., 103 Ohio App. 3d 213, 658 N.E.2d 1140 (1995), for example, the Court of Appeals of Ohio granted summary judgment against a plaintiff's pain and suffering claim because the decedent died instantly from a gunshot wound to the head which resulted in "brain destruction."  103 Ohio App. 3d at 227-28, 658 N.E.2d at 1149.  The evidence here, on the other hand, does not clearly indicate that M. Leon died instantly from the collision and raises a disputed issue of material fact.  The Supreme Court, Appellate Division of New York confronted a similar issue in Barron v. Terry ex rel. Povero, 268 A.D.2d 760, 702 N.Y.S.2d 171 (2000).  In that case, a wrongful death defendant presented medical records showing that a car crash victim was unconscious when emergency workers arrived on the scene.  See 268 A.D.2d at 761, 702 N.Y.S.2d at 171.  The court recognized New York's rule that "[r]ecovery of damages for decedent's pain and suffering requires plaintiff to demonstrate that decedent 'evinced some level of awareness' prior to her death."  268 A.D.2d at 761, 702 N.Y.S.2d at 171 (quotations omitted).  It also noted, however, that

> summary judgment should not be granted where a party -- such as defendants herein -- relies exclusively on medical records to show that a decedent was unconscious when found at the scene and continued to be unconscious thereafter, if the reports do not establish the decedent's unconscious condition during the interval immediately after the accident but before emergency help arrived.

---

[3]The Court notes that neither E. Leon nor FedEx Ground has provided the Court with an expert report on the crash itself.  The Court's uncertainty on how the crash occurred makes it less willing to decide this issue before trial.

268 A.D.2d at 761, 702 N.Y.S.2d at 171.  The situation here presents an even weaker case for summary judgment, given that FedEx Ground has not presented any evidence that M. Leon was unconscious before his death.

Third, the jury does not need expert testimony to interpret the photographs.  The Court has reviewed a large number of cases involving corpse photographs and has not located any opinions requiring expert testimony to admit these photographs under similar circumstances.  See 73 A.L.R.2d 769 (2015)(collecting cases discussing the "[a]dmissibility of photograph of corpse in prosecution for homicide or civil action for causing death").[4]  The closest case is Cominsky v. Donovan, 2004 PA Super 98, 846 A.2d 1256 (2004), which held that, "in order to make a case for pain and suffering damages on behalf of a person in a persistent vegetative state, the plaintiff must present competent opinion testimony that the person could in fact experience such pain."  2004 PA Super 98 at ¶ 13, 846 A.2d at 1260.  That case distinguished other cases in which "a lay witness was permitted to testify about the pain of a *conscious* person, or one who is *not* in a persistent vegetative state."  2004 PA Super 98 at ¶ 13, 846 A.2d at 1260 (emphasis in original).  This case involves a less technical determination that is less susceptible to expert interpretation and photographic evidence, which is more reliable than family members' interpretations of a vegetative patient's facial expressions.  Some courts that have admitted post-mortem photographs have not required expert testimony to interpret them.  See, e.g. Shouse v. Daviess Cty., Ky., 2009 WL 3268450, at *2.  These photographs, after all, may demonstrate

---

[4]New Mexico courts considering medical malpractice claims similarly do not require expert testimony to show a physician's negligence if "facts . . . can be evaluated by resort to common knowledge."  Mascarenas v. Gonzales, 1972-NMCA-062, ¶ 6, 497 P.2d 751, 751.  The Court concludes that a jury does not need medical expert testimony to interpret these photographs, in part, because the jury can use common knowledge to evaluate them.

"pain and suffering in a way that mere recitation of wound sizes and contours cannot impart." Paige ex rel Paige v. Mariner Health Care, Inc., 2008 WL 7176042, at *4.

Fourth, the task of awarding pain and suffering damages in a wrongful death action is inherently subjective.  See NMRA, Rule 13-1807 ("No fixed standard exists for deciding the amount of these damages. You must use your judgment to decide a reasonable amount to compensate the plaintiff for the pain and suffering.").  The Court is skeptical that any expert can examine the collision scene, including M. Leon's dismembered body, and determine whether M. Leon suffered any pain before his death conclusively enough to prevent the jury from making its own determination.  E. Leon may have made a tactical error by choosing not to provide expert testimony, but the jury should weigh FedEx Ground's expert testimony against its own perception of the photographs.   What "instant death" is may be more of a metaphysical question than a purely scientific question.  When a person "dies" may be subject to debate: whether it is the exact moment that the trucks hit each other, or one second or more later.  Here, where M. Leon was thrown from the vehicle, the Court thinks that it should afford some space for E. Leon to argue that her husband was killed after a second, not at the exact second that the two trucks collided.  FedEx Ground may request that the Court omit pain and suffering damages from the jury instructions at a later date, but the Court is unwilling to cut off E. Leon's opportunity to prove her damages at this early stage.

## II.      THE PHOTOGRAPHS ARE ADMISSIBLE UNDER RULE 403.

E. Leon has demonstrated that the photographs are relevant.  The Court will not bar the evidence under rule 403.  The Tenth Circuit requires district courts to remain "mindful" that "exclusion of evidence under Rule 403 that is otherwise admissible under the other rules is an extraordinary remedy and should be used sparingly."  United States v. Smalls, 605 F.3d at 787.

Evidence is not unfairly prejudicial merely because it damages a party's case.  See United States

v. Caraway, 534 F.3d at 1301.

The Tenth Circuit addressed a similar challenge to gruesome photographs in United

States v. Treas-Wilson, 3 F.3d 1406 (10th Cir. 1993).  There, the prosecution offered autopsy

photographs of "the stab wound below the victim's right ear and the deep incision across his

neck."  3 F.3d at 1410.  The defendants objected that the photographs "were overly prejudicial

and served only to inflame the passions of the jury."  3 F.3d at 1410.  The Tenth Circuit affirmed

the district court's decision to admit the photographs, noting that "gruesomeness alone does not

make photographs inadmissible."  3 F.3d at 1410 (quoting United States v. Naranjo, 710 F.2d

1465, 1468 (10th Cir.1983)).   See Jackson v. Shanks, 143 F.3d 1313, 1322 (10th Cir.

1998)("Though admittedly unpleasant, the photographs illuminated and clarified the forensic

pathologist's testimony.").   It explained that the district court acted properly, because the

"photographs, which indeed graphically depicted the nature of the fatal wound, were probative of

Treas-Wilson's state of mind," and because "the district court cautioned the jury about the

photographs' graphic content and admonished them to view the photographs dispassionately."  3

F.3d at 1410.[5]

---

[5]Numerous other Courts of Appeals have reached similar conclusions on gruesome
photographs.   See United States v. Ortiz, 315 F.3d 873, 897 (8th Cir. 2002)(holding that
admission of graphic photographs of bloody corpse not abuse of discretion, as they corroborated
testimony regarding victim's murder and established that it was heinous and depraved); United
States v. Cruz–Kuilan, 75 F.3d 59, 61 (1st Cir. 1996)(concluding that lacerations on victim's
head supported prosecution theory involving stray bullets); United States v. De Parias, 805 F.2d
1447, 1453–54 (11th Cir. 1986)(explaining that photograph of badly decomposed body of
kidnaping victim was admissible to show identity and cause of death), overruled on other
grounds by United States v. Kaplan, 171 F.3d 1351 (11th Cir. 1999); United States v. McRae,
593 F.2d 700, 707 (5th Cir. 1979) (admitting photograph showing victim's head wounds because
of its bearing on defense of accident).

The Court reached the opposite conclusion on different facts in United States v. Tsosie, No. CR 10-0773 JB, 2011 WL 2731187 (D.N.M. June 23, 2011)(Browning, J.). That case involved the federal prosecution of a drunk driver who killed two passengers in a collision. See 2011 WL 2731187, at *1. The United States sought to introduce the victims' gruesome autopsy photographs, on the grounds that "[t]hey show the devastating consequences of Defendant's conduct that led to the charges against him, and there is no reasonable basis for denying the jury the right to fully appreciate those consequences." 2011 WL 2731187, at *1. The defendant objected on the grounds that the cause of death was not in dispute and that the photographs were only relevant to "inflame the jury." 2011 WL 2731187, at *2. The Court agreed with the defendant:

> While the United States has the burden of proving that the Johnsons died as a result of the collision, Tsosie concedes this point. Because the cause of death is undisputed, the photographs do not make "the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401 (emphasis added). Moreover, the prejudicial effect of graphic photographs of M. Johnson's medical treatment and L. Johnson's autopsy substantially outweighs whatever probative value the photographs may have.

2011 WL 2731187, at *2. It thus granted the motion and excluded the photographs. See 2011 WL 2731187, at *3.

Like the photographs in United States v. Treas-Wilson, the photographs here have the potential to cause emotional reactions, but are ultimately more probative than prejudicial. See 3 F.3d at 1410. Unlike the United States in United States v. Tsosie, E. Leon has demonstrated that the photographs here are relevant to a live issue -- M. Leon's possible pain and suffering. See 2011 WL 2731187, at *2. See Paige ex rel Paige v. Mariner Health Care, Inc., 2008 WL 7176042, at *4 ("While there is undeniably some risk that the jury may have a visceral response to the pictures due to their graphic nature, the Court is of the opinion that the photographs

- 17 -

possess sufficient probative value to preclude their exclusion under Rule 403. "). E. Leon should

have the opportunity to present her case as she sees fit. The Court will, upon request, instruct the

jury to view the photographs dispassionately. See United States v. Treas-Wilson, 3 F.3d at 1410.

**IT IS ORDERED** that the requests in Defendant FedEx Ground Package System, Inc.'s

Motion in Limine to Exclude Graphic Photographs, filed November 16, 2015 (Doc. 71), are

denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Mark J. Caruso
Caruso Law Offices, PC
Albuquerque, New Mexico

--and--

Paul D. Barber
Barber & Borg LLC
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Bryson F. Datt, Jr.
Robert E. Dapper, Jr.
Burns White, Attorneys at Law
Pittsburgh, Pennsylvania

--and--

Michael E. Kaemper
Brenda M. Saiz
Abigail M. Yates
Rodey, Dickason, Sloan, Akin & Robb, PA
Albuquerque, New Mexico

    *Attorneys for the Defendant*