## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

ELIA LEON, individually and as personal
representative of the estate of MARTIN LEON,
deceased,

       Plaintiff,

vs.                                                                   No. CIV 13-1005 JB/SCY

FEDEX GROUND PACKAGE SYSTEM, INC.,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant FedEx Ground Package System,

Inc.'s Motion for Partial Summary Judgment that Puckett Transportation, Inc.'s Driver Larry

Payne was Negligent Per Se, filed November 16, 2015 (Doc. 75)("Motion").  The Court held a

hearing on December 22, 2015.  The primary issue is whether the Court should grant summary

judgment that Larry Payne was negligent per se for violating NMSA 1978 §§ 66-7-305(A) and

66-8-114.  The Court will deny the Motion, because the evidence presented does not allow the

Court to conclude, as a matter of law, that Payne violated these statutes.

## FACTUAL BACKGROUND

The Court will provide two factual sections.  First, the Court will present the facts as

alleged in the Plaintiff's Complaint to Recover Damages for Personal Injury & Wrongful Death

(Jury Trial Demanded), filed October 17, 2013 (Doc. 1), to provide a coherent narrative and

contextualize the parties' arguments.  Second, the Court will set forth the undisputed material

facts for purposes of deciding the Motion.

1.    **Factual Narrative.**

The Court takes its background facts from the Complaint, the Motion, and Defendant FedEx Ground Package System, Inc.'s Response in Opposition to Plaintiff's Motion in Limine, filed December 3, 2015 (Doc. 93)("In Limine Response").

On November 30, 2011, at roughly 11:00 p.m., Federico Martinez-Leandro was driving a tractor-trailer "eastbound on Interstate 40 in Cibola County, New Mexico approximately .2 miles west of mile marker 89."  Complaint ¶ 12, at 3.  Martin Leon, an authorized passenger, was present in the tractor's cab.  See Complaint ¶ 13, at 3.  Martinez-Leandro crashed the tractor-trailer into the rear of a second tractor-trailer while in the right lane.  See Complaint ¶ 15, at 3. M. Leon suffered serious injuries and death because of the accident.  See Complaint ¶ 16, at 3.

Martinez-Leandro was Eusebia Transportation, Inc.'s employee or agent.  See Complaint ¶ 8, at 2.  Eusebia Transportation had leased the tractor and Martinez-Leandro's services to FedEx Ground Package System, Inc., which provided the trailers and displayed its Department of Transportation number on the tractor.  See Complaint ¶ 7-8, at 2.

Larry Payne, a driver for Puckett Transportation, Inc., was driving the other tractor-trailer involved in the collision.  See Complaint ¶ 15, at 3.  Plaintiff Elia Leon, FedEx Ground, and the New Mexico State Police reconstructed the accident, and all agree that Payne's tractor-trailer was traveling in the outer lane of travel at less than the speed limit.  See Motion at 5; In Limine Response at 2 (stating that Payne was traveling "well below the speed limit, at approximately 34 to 38 mph").

2.    **Undisputed Material Facts.**

The accident at issue occurred on November 30, 2011 on Interstate 40 in Cibola County, New Mexico.  See Complaint ¶¶ 1, 12 at 1, 3 (asserting this fact); Defendant FedEx Ground

Package System, Inc.'s Answer to Plaintiff's Complaint to Recover Damages for Personal Injury & Wrongful Death ¶ 1, at 1, filed November 18, 2013 (Doc. 4)("Answer")(admitting this fact). The posted speed limit on this stretch of I-40 was seventy-five miles per hour.  See Motion ¶ 2, at 3 (asserting this fact); Videotaped Deposition of Steven Shutiva at 19:11-12 (taken September 30, 2015), filed November 16, 2015 (Doc. 75-1)(Barber, Shutiva)("Shutiva Depo.")(asserting this fact).[1]   Before the accident, Federico Martinez-Leandro was driving a tractor-trailer eastbound on Interstate 40.  See Complaint ¶¶ 12-13, at 3 (asserting this fact); Answer ¶¶ 12-13, at 3 (admitting this fact).   M. Leon was an authorized passenger in the tractor-trailer.   See Complaint ¶¶ 12-13, at 3 (asserting this fact); Answer ¶¶ 12-13, at 3 (admitting this fact).  Payne was entering I-40's right lane from the shoulder at the time of the collision.  See Motion ¶ 3, at 3

---

[1]D.N.M.LR-Civ. 56.1(b) provides:

> The Memorandum must set out a concise statement of all of the material facts as to which the movant contends no genuine issue exists. The facts must be numbered and must refer with particularity to those portions of the record upon which the movant relies.
>
> The Response must contain a concise statement of the material facts cited by the movant as to which the non-movant contends a genuine issue does exist.  Each fact in dispute must be numbered, must refer with particularity to those portions of the record upon which the non-movant relies, and must state the number of the movant's fact that is disputed.  All material facts set forth in the Memorandum will be deemed undisputed unless specifically controverted.  The Response may set forth additional facts other than those which respond to the Memorandum which the non-movant contends are material to the resolution of the motion.  Each additional fact must be lettered and must refer with particularity to those portions of the record upon which the non-movant relies.

D.N.M.LR-Civ. 56.1(b)(emphasis added).  Here, in compliance with the local rules, FedEx Ground has set forth a statement of all material facts as to which it contends no genuine issue exists.  These facts are numbered and refer with particularity to relevant portions of the record.  See Motion ¶ 2, at 3; Shutiva Depo. at 19:8-12 (Shutiva).  In her Response, E. Leon does not dispute this fact.  See Response at 1-2.  The Court, therefore, deems paragraph 2 of the Motion undisputed.  See D.N.M.LR-Civ. 56.1(b) ("All material facts set forth in the Memorandum will be deemed undisputed unless specifically controverted.").

(asserting this fact); Shutiva Depo. at 18:7-14 (Shutiva).[2]  Before the crash, Martinez-Leandro

was driving in the left lane, but he moved back into the right lane immediately before the impact.

See Response at 1-2 (asserting this fact).[3]  Payne's truck was traveling in the right lane at a

"minimum speed" of "between 34 and 38 miles per hour" at the time of the collision.  Shutiva

Depo. at 23:2-10 (Shutiva).  See Motion ¶ 3, at 3 (asserting this fact).[4]  Martinez-Leandro's truck

was traveling in the right lane at the time of the collision.  See Motion ¶ 6, at 3 (asserting this

---

[2]Paragraph 3 of FedEx Ground's Motion complies with D.N.M.LR-Civ. 56.1(b).  FedEx
Ground has set forth a statement of material facts as to which it contends no genuine issue exists.
Further, these facts are numbered and refer with particularity to relevant portions of the record.
See Motion ¶ 3, at 3.  In her Response, E. Leon does not dispute this fact.  See Response at 1-2.
The Court, therefore, deems paragraph 3 of the Motion undisputed.  See D.N.M.LR-Civ. 56.1(b)
("All material facts set forth in the Memorandum will be deemed undisputed unless specifically
controverted.").

[3]E. Leon's Response is not entirely in compliance with D.N.M.LR-Civ. 56.1(b).  E. Leon
has set forth a statement of material facts as to which it contends no genuine issue exists.
Although her facts are not numbered, they refer with particularity to relevant portions of the
record and specifically name segments of FedEx Ground's Motion.  See Response at 1-2 ("Item
6 of defendant's statement of undisputed material facts fails to disclose that . . . .  Only at the last
minute did the FedEx driver change from the left lane into the right lane[.]").  Parts of FedEx
Ground's other briefing appear to dispute this point.  See Shutiva Depo. at 18:7-14
(Shutiva)("Mr. Payne didn't -- didn't clear his lane.  As he's pulling from the shoulder to get into
the eastbound lane there, I don't believe he checked his mirror properly and seen Mr. Martinez
coming."); Reply at 5 ("[T]he undisputed facts and Plaintiff's own allegations in the prior
lawsuit establish that Payne violated the statutes by driving carelessly and traveling too slow for
the conditions – the oncoming eastbound traffic that he pulled in front of.")(emphasis added).
The Court nonetheless concludes that FedEx fails to "specifically controvert[]" this fact because
FedEx Ground does not cite to any part of the record in its Reply.  D.N.M.LR-Civ. 56.1(b).  See
Reply at 1, 4-5.  The Court, therefore, deems this fact undisputed.  See See D.N.M.LR-Civ.
56.1(b) ("All material facts set forth in the Response will be deemed undisputed unless specifically
controverted.").

[4]Paragraph 3 of FedEx Ground's Motion complies with D.N.M.LR-Civ. 56.1(b).  FedEx
Ground has set forth a statement of material facts as to which it contends no genuine issue exists.
Further, these facts are numbered and refer with particularity to relevant portions of the record.
See Motion ¶ 3, at 3.  In her Response, E. Leon does not dispute this fact.  See Response at 1-2.
The Court, therefore, deems paragraph 3 of the Motion undisputed.  See D.N.M.LR-Civ. 56.1(b)
("All material facts set forth in the Memorandum will be deemed undisputed unless specifically
controverted.").

fact); Shutiva Depo. at 23:2-10 (Shutiva).[5]   Payne's tractor-trailer collided with Martinez-

Leandro's tractor-trailer.   See Motion ¶ 6, at 3 (asserting this fact) Shutiva Depo. at 18:7-14

(Shutiva); Complaint ¶ 15, at 3; FedEx Ground Package System, Inc.'s Motion in Limine to

Exclude Graphic Photographs at 1-2, filed November 16, 2015 (Doc. 71)("Photos Motion").[6]

The collision killed M. Leon.   See Motion ¶ 7, at 3 (asserting this fact); Shutiva Depo. at 12:1-9

(Shutiva); Complaint ¶ 16, at 3 (admitting this fact); Photos Motion at 2-3.[7]   E. Leon alleged in a

---

[5]Paragraph 6 of FedEx Ground's Motion complies with D.N.M.LR-Civ. 56.1(b).  FedEx Ground has set forth a statement of material facts as to which it contends no genuine issue exists. Further, these facts are numbered and refer with particularity to relevant portions of the record. See Motion ¶ 6, at 3.

In her Response, E. Leon states that she disputes paragraph 6 on the ground that its supporting materials "are not admissible in evidence."  Response at 1.  Rule 56 of the Federal Rules of Civil Procedure, however, expressly allows a party to support its asserted undisputed facts by "citing to particular parts of materials in the record, including depositions[.]"  Fed. R. Civ. Proc. 56(c)(1)(A).  Although rule 56(c)(2) allows parties to "object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence," the relevant deposition would be admissible. Fed. R. Civ. P. 56(c)(2).  In Quality Time, Inc. v. West Bend Mut. Ins. Co., 2013 WL 474289, at *1 (D. Kan. 2013), the United States District Court for the District of Kansas explained: "In resisting a motion for summary judgment, the opposing party may not rely upon mere allegations or denials contained in its pleadings or briefs.  Rather, the nonmoving party must come forward with probative evidence supporting the allegation." 2013 WL 474289, at *1 (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986)). Because E. Leon has not presented any probative evidence to dispute paragraph 6 of the Motion, the Court deems it undisputed that Martinez-Leandro was traveling in the right traffic lane when he collided with Payne's vehicle.

[6]Paragraph 6 of FedEx Ground's Motion complies with D.N.M.LR-Civ. 56.1(b).  FedEx Ground has set forth a statement of material facts as to which it contends no genuine issue exists. Further, these facts are numbered and refer with particularity to relevant portions of the record. See Motion ¶ 6, at 3.  In her Response, E. Leon does not dispute this fact.  See Response at 1-2. The Court, therefore, deems paragraph 6 of the Motion undisputed.  See D.N.M.LR-Civ. 56.1(b) ("All material facts set forth in the Memorandum will be deemed undisputed unless specifically controverted.").

[7]Paragraph 7 of FedEx Ground's Motion complies with D.N.M.LR-Civ. 56.1(b).  FedEx Ground has set forth a statement of material facts as to which it contends no genuine issue exists. Further, these facts are numbered and refer with particularity to relevant portions of the record. See Motion ¶ 7, at 3.  In her Response, E. Leon does not dispute this fact.  See Response at 1-2. The Court, therefore, deems paragraph 7 of the Motion undisputed.  See D.N.M.LR-Civ. 56.1(b)

companion case that "Defendant Larry Payne stopped his vehicle on the shoulder of eastbound Interstate 40 to evaluate a mechanical defect in the vehicle he was operating. He re-entered traffic on Interstate 40 at an unsafe and very slow speed, and he carelessly and negligently failed to yield the right of way and collided with the vehicle in which Martin Leon was a passenger." Motion ¶ 8, at 3 (asserting this fact).[8]   In the same case, E. Leon alleged that "Defendant Larry Payne operated his vehicle in a careless, negligent and/or reckless manner and without regard to the safety of others traveling on the highway of the State of New Mexico, including but not limited to Martin Leon."   Motion ¶ 9, at 3 (asserting this fact).[9]   On January 8, 2013, the Honorable Larry D. Diaz, a Judge of the Cibola County Magistrate Court in New Mexico, found Larry Payne guilty of "Careless driving (careless, inattentive, or imprudent)" under NMRA 1978 § 66-08-114(B).   Judgment Sentence, filed December 3, 2015 (Doc. 93-4)("Magistrate Court

---

("All material facts set forth in the Memorandum will be deemed undisputed unless specifically controverted.").

[8]Paragraph 8 of FedEx Ground's Motion complies with D.N.M.LR-Civ. 56.1(b).  FedEx Ground has set forth a statement of material facts as to which it contends no genuine issue exists. Further, these facts are numbered and refer with particularity to relevant portions of the record. See Motion ¶ 8, at 3.   In her Response, E. Leon states that she disputes paragraph 8 on the ground that its supporting materials "are not admissible in evidence."  Response at 1.  The Court has decided to admit these allegations.  See Memorandum Opinion and Order at 1, filed February 5, 2016 (Doc. 138)("MOO").   The Court, therefore, deems paragraph 8 of the Motion undisputed.

[9]Paragraph 9 of FedEx Ground's Motion complies with D.N.M.LR-Civ. 56.1(b).  FedEx Ground has set forth a statement of material facts as to which it contends no genuine issue exists. Further, these facts are numbered and refer with particularity to relevant portions of the record. See Motion ¶ 9, at 3.   In her Response, E. Leon states that she disputes paragraph 9 on the ground that its supporting materials "are not admissible in evidence."  Response at 1.  The Court has decided to admit these allegations.  See MOO at 1.  The Court, therefore, deems paragraph 8 of the Motion undisputed.

Judgment").  See Motion ¶¶ 4-5, at 3 (asserting this fact).[10]

## PROCEDURAL BACKGROUND

E. Leon brought suit as decedent M. Leon's widow and personal representative on October 17, 2013.  See Complaint ¶¶ 2, 4, at 1.  E. Leon alleges two counts in her Complaint: (i) negligence; and (ii) "safety violations, negligent operations, and aiding and abetting."  Complaint at 4, 6.  E. Leon seeks actual and compensatory, exemplary, and punitive damages.  See Complaint ¶¶ 41-43, at 7-9.

### 1.    The Motion.

On November 16, 2015, FedEx Ground moved for partial summary judgment "that Larry Payne ('Payne') was negligent per se for driving the Puckett Transportation, Inc. vehicle at such a slow speed and in a careless manner as to impede traffic on Interstate 40 ('I-40') in violation of NMSA 1978, § 66-7-305(A) (2003)."  Motion at 1.  FedEx Ground explains that: (i) New Mexico enacted this statute to protect the public and prevent the harm and injuries that result from fatal motor-vehicle accidents; (ii) Payne violated this statute; and (iii) Payne's violation thus constitutes negligence per se.  See Motion at 1.  FedEx Ground sets out the test for

---

[10]Paragraphs 4-5 of FedEx Ground's Motion comply with D.N.M.LR-Civ. 56.1(b). FedEx Ground has set forth a statement of material facts as to which it contends no genuine issue exists.  Further, these facts are numbered and refer with particularity to relevant portions of the record.  See Motion ¶¶ 4-5, at 3.

In her Response, E. Leon states that she disputes paragraphs 4-5 on the ground that their supporting materials "are not admissible in evidence."  Response at 1.  Rule 56 of the Federal Rules of Civil Procedure, however, expressly allows a party to support its asserted undisputed facts by "citing to particular parts of materials in the record, including depositions[.]"  Fed. R. Civ. Proc. 56(c)(1)(A).  Although rule 56(c)(2) allows parties to "object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence," the relevant deposition would be admissible.  Fed. R. Civ. P. 56(c)(2).  Because E. Leon has not presented any probative evidence to dispute paragraph 6 of the Motion, the Court deems it undisputed that Martinez-Leandro was traveling in the right traffic lane when he collided with Payne's vehicle.

negligence per se:

> (1) there must be a statute which prescribes certain actions or defines a standard of conduct, either explicitly or implicitly, (2) the defendant must violate the statute, (3) the plaintiff must be in the class of persons sought to be protected by the statute, and (4) the harm or injury to the plaintiff must generally be of the type the legislature through the statute sought to prevent.

Motion at 5 (citing Archibeque v. Homrich, 1975-NMSC-066, ¶ 15, 88 N.M. 527, 543 P.2d 820). FedEx Ground then walks through each of these elements. First, it argues that two statutes, NMSA 1978 §§ 66-7-305(A) and 66-8-114, create relevant standards of conduct. See Motion at 5. The first statute, it says, provides that "[a] person shall not drive a motor vehicle at such a slow speed as to impede the normal and reasonable movement of traffic except when reduced speed is necessary for safe operation or to be in compliance with law." Motion at 5 (quoting NMSA 1978 § 66-7-305(A)). The second statute, it states, prohibits motorists from "driver [sic] carelessly." Motion at 5 (citing NMSA 1978, § 66-8-114).

Second, FedEx Ground contends that Payne's driving violated both of these statutes. See Motion at 5-6. It contends that Payne's low speed "impeded the normal and reasonable movement of traffic on I-40," and that "[t]here is no evidence that Payne's reduced speed was necessary for the safe operation of his vehicle or necessary to comply with the law." Motion at 5-6. It adds that the low speed constituted careless driving. See Motion at 6.

Third, FedEx Ground asserts that M. Leon was in the class of persons that the statutes sought to protect. See Motion at 6. It states that one or both of the statutes[11] were "enacted for the benefit of the public." Motion at 6 (quoting Archuleta v. Johnston, 1971-NMCA-158, ¶ 7,

---

[11]The Motion occasionally refers to the relevant statutes, NMSA 1978 §§ 66-7-305(A) and 66-8-114, as if only one of them were relevant. See Motion at 1 ("This statute was enacted for the protection of the public[.]"); id. at 6 ("The New Mexico Court of Appeals has determined that this statute was enacted for the benefit of the public.")(quotations omitted). The Court will interpret this discrepancy as drafting shorthand and examine both of the statutes.

492 P.2d 997, 999).  Finally, FedEx Ground adds that "the harm to Mr. Leon and Mr. Martinez-Leandro -- being involved in a fatal accident [--] is clearly the type of harm the legislature, through the statute, sought to prevent."  Motion at 6.

 2.  **The Response**.

 E. Leon responded on November 25, 2015.  See Plaintiff's Response to Defendant's Motion for Partial Summary Judgment that Puckett Transportation, Inc.'s Driver Larry Payne was Negligent Per Se, filed November 25, 2015 (Doc. 81)("Response").  E. Leon objects to paragraphs 4-9 in the Motion's "Statement of Material Facts" on the ground that the supporting materials are inadmissible.  Response at 1 (citing Fed. R. Civ. Proc. 56(c)(1)(A).  She adds that FedEx Ground missed an important fact in its account of events:

> Item 6 of defendant's statement of undisputed material facts fails to disclose that in the time immediately prior to the crash, the FedEx driver, Federico Martinez-Leandro, admitted that he was driving in the left hand lane, and looking in his rear view mirrors to ascertain his position ahead of some other phantom vehicle. Only at the last minute did the FedEx driver change from the left lane into the right lane and found that the Puckett vehicle was "right there."

Response at 1-2 (citing Videotaped Deposition of Federico Martinez-Leandro, taken November 8, 2013, filed November 25, 2015 (Doc. 81-1)("Martinez-Leandro Depo.").

 E. Leon first attacks FedEx Ground's argument on Payne's slow speed.  See Response at 2.  She contends that the FedEx Ground tractor-trailer was in the left lane when Payne left the shoulder and proceeded into the right lane.  See Response at 2.  She notes that "[t]here is no negligence *per se* in pulling out into a lane that is unoccupied."  Response at 2.  Moreover, E. Leon contends that the slow speed is irrelevant, because any vehicle leaving the shoulder will take some time to reach the minimum speed.  See Response at 2.  She adds that the negligence in this case was FedEx Ground's failure to train its employees, and Martinez-Leandro's "failing asleep while driving, in turning back into the occupied right lane and in running into the tractor

trailer that was attempting to get up to speed after returning to the freeway."  Response at 2.

### 3.    The Reply.

FedEx Ground replied on December 14, 2015.  See Defendant FedEx Ground Package System, Inc.'s Reply in Support of its Motion for Partial Summary Judgment that Larry Payne was Negligent Per Se, filed December 14, 2015 (Doc. 102)("Reply").  FedEx Ground first argues that E. Leon has failed to "cite any admissible evidence or law sufficient to defeat the motion." Reply at 1.  It emphasizes that it "does not seek a determination as to whether the negligence of Payne was a proximate cause of the accident, which is properly for the fact finder to decide." Reply at 1 (emphasis in original).  FedEx Ground defends its own statement of undisputed facts, noting that the Shutiva deposition "is admissible evidence."  Reply at 2.  It adds that E. Leon's prior allegations against Payne are admissible evidence.  See Reply at 2-4.

FedEx Ground also attacks E. Leon's argument that Payne had to accelerate from a stopped position to enter the highway.  See Reply at 5.  It states that "the undisputed facts and Plaintiff's own allegations in the prior lawsuit establish that Payne violated the statutes by driving carelessly and traveling too slow for the conditions -- the oncoming eastbound traffic that he pulled in front of."  Reply at 5.

### 4.    The Hearing.

The Court held a hearing on December 22, 2015.  See Transcript of Hearing, taken December 22, 2015 (Doc. 128)("Tr.").  The Court opened the discussion by explaining that it was inclined to deny the Motion:

> [I]f I'm relying upon the magistrate judge doing it, that's really neither here nor there, and if it's -- because that's not going to be any sort of collateral estoppel against the plaintiff here.  And if I have to decide it, it seems to me there [are] way too many factual issues for me to determine what occurred that night.  I've reviewed -- now, given the break we've taken, I've reviewed everything that I believe the parties have filed, every deposition, and every diagram.  And I'm still

> confused about what occurred that night. So I guess I'm not inclined to find that Puckett was negligent per se. He may well have been. But you've got to enter that highway some way. I can't imagine you going from zero to 75; when you enter the highway, you enter the highway. I just don't know how I make that determination that he was going, quote, "too slow." So I think there are too many issues here for me to make that determination. I think it's going to have to be a jury determination.

Tr. at 108:4-25 (Court). FedEx Ground quickly conceded that there is no collateral estoppel, but noted that the Judge Diaz "had the full facts of the case, looked at it," and found Payne guilty of careless driving. Tr. at 109:6-13 (Kaemper). It stated that, although "a driver can't go from zero to 60 in a millisecond," the "legislature also understood that as well when they made the law." Tr. at 109:17-23 (Kaemper). It added that the Court should not assume that Payne was accelerating rather than decelerating. See Tr. at 110:4-6 (Kaemper).

E. Leon responded that the Martinez-Leandro Depo. raised factual issues that could not be resolved on a motion for summary judgment. See Tr. at 111:1-112:8 (Barber). She noted that Martinez-Leandro testified that he was in the left lane when Payne began pulling off the shoulder, which could signify that Payne did nothing wrong. See Tr. at 111:12-16 (Barber). She concluded that "[y]ou can't have a summary finding of negligence per se, when it really doesn't appear that he was negligent at all. He was moving into an unoccupied lane. And the Fed Ex driver pulled back into that lane." Tr. at 112:1-5 (Barber).

FedEx Ground replied by attacking E. Leon's alleged inconsistency:

> [I]t's interesting that the plaintiff is the one that has created the genuine issue of material fact by taking one position in one case; settling; and then, in this case, taking an entirely different position. And so we think that the facts support ruling on negligence per se for Mr. Puckett's driving, both being careless and/or traveling too slowly for the conditions, and that that ruling should be made.

Tr. at 112:13-21 (Kaemper).  The Court concluded that there are "competing versions here as to what occurred that night" and that it would leave the choice between them to the jury.  Tr. at 112:22-113:5 (Court).

## LAW REGARDING SUMMARY JUDGMENT

Rule 56(a) of the Federal Rules of Civil Procedure states: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "The movant bears the initial burden of 'show[ing] that there is an absence of evidence to support the nonmoving party's case.'"  Herrera v. Santa Fe Pub. Sch., 956 F. Supp. 2d 1191, 1221 (D.N.M. 2013) (Browning, J.)(quoting Bacchus Indus., Inc. v. Arvin Indus., Inc., 939 F.2d 887, 891 (10th Cir. 1991)).  See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

> Before the court can rule on a party's motion for summary judgment, the moving party must satisfy its burden of production in one of two ways: by putting evidence into the record that affirmatively disproves an element of the nonmoving party's case, or by directing the court's attention to the fact that the non-moving party lacks evidence on an element of its claim, "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  Celotex, 477 U.S. at 323-25.  On those issues for which it bears the burden of proof at trial, the nonmovant "must go beyond the pleadings and designate specific facts to make a showing sufficient to establish the existence of an element essential to his case in order to survive summary judgment."  Cardoso v. Calbone, 490 F.3d 1194, 1197 (10th Cir. 2007).

Plustwik v. Voss of Norway ASA, 2013 WL 1945082, at *1 (D. Utah May 9, 2013)(emphasis added).  "If the *moving* party will bear the burden of persuasion at trial, that party must support its motion with credible evidence -- using any of the materials specified in Rule 56(c) -- that would entitle it to a directed verdict if not controverted at trial."  Celotex Corp. v. Catrett, 477

U.S. at 331 (Brennan, J., dissenting)(emphasis in original).[12]   Once the movant meets this burden, rule 56 requires the nonmoving party to designate specific facts showing that there is a genuine issue for trial.  See Celotex Corp. v. Catrett, 477 U.S. at 324; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).

The party opposing a motion for summary judgment must "set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which it carries the burden of proof."   Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir. 1990).  See Vitkus v. Beatrice Co., 11 F.3d 1535, 1539 (10th Cir. 1993) ("However, the nonmoving party may not rest on its pleadings but must set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which it carries the burden of proof.")(internal quotation marks omitted).   Rule 56(c)(1) provides: "A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials."  Fed. R. Civ. P. 56(c)(1).  It is not enough for the party opposing a properly supported motion for summary judgment to "rest on mere allegations or denials of his pleadings."   Anderson v. Liberty Lobby, Inc., 477 U.S. at 256.  See Abercrombie v. City of Catoosa, 896 F.2d 1228, 1231 (10th Cir. 1990); Otteson v. United States, 622 F.2d 516, 519 (10th Cir. 1980)("[O]nce a properly supported summary

---

[12]Although the Honorable William J. Brennan, Jr., Associate Justice of the Supreme Court of the United States, dissented in Celotex Corp. v. Catrett, this sentence is widely understood to be an accurate statement of the law.  See 10A Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 2727, at 470 (3d ed. 1998)("Although the Court issued a five-to-four decision, the majority and dissent both agreed as to how the summary-judgment burden of proof operates; they disagreed as to how the standard was applied to the facts of the case.").

judgment motion is made, the opposing party may not rest on the allegations contained in his complaint, but must respond with specific facts showing the existence of a genuine factual issue to be tried." (citation omitted)(internal quotation marks omitted)).

Nor can a party "avoid summary judgment by repeating conclusory opinions, allegations unsupported by specific facts, or speculation." Colony Nat'l Ins. Co. v. Omer, No. CIV 07-2123 JAR, 2008 WL 2309005, at *1 (D. Kan. June 2, 2008)(Robinson, J.)(citing Argo v. Blue Cross & Blue Shield of Kan., Inc., 452 F.3d 1193, 1199 (10th Cir. 2006); Fed. R. Civ. P. 56(e)). "In responding to a motion for summary judgment, 'a party cannot rest on ignorance of facts, on speculation, or on suspicion and may not escape summary judgment in the mere hope that something will turn up at trial.'" Colony Nat'l Ins. Co. v. Omer, 2008 WL 2309005, at *1 (quoting Conaway v. Smith, 853 F.2d 789, 794 (10th Cir. 1988)).

To deny a motion for summary judgment, genuine factual issues must exist that "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. at 250. A mere "scintilla" of evidence will not avoid summary judgment. Vitkus v. Beatrice Co., 11 F.3d at 1539 (citing Anderson v. Liberty Lobby, Inc., 477 U.S. at 248). Rather, there must be sufficient evidence on which the fact finder could reasonably find for the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. at 251 (quoting Schuylkill & Dauphin Improvement Co. v. Munson, 81 U.S. 442, 448 (1871)); Vitkus v. Beatrice Co., 11 F.3d at 1539. "[T]here is no evidence for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable . . . or is not significantly probative, . . . summary judgment may be granted." Anderson v. Liberty Lobby, Inc., 477 U.S. at 249 (citations omitted). Where a rational trier of fact, considering the record as a whole, could not find for the nonmoving party,

there is no genuine issue for trial.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475

U.S. 574, 587 (1986).

When reviewing a motion for summary judgment, the court should keep in mind certain

principles.  First, the court's role is not to weigh the evidence, but to assess the threshold issue

whether a genuine issue exists as to material facts requiring a trial.  See Anderson v. Liberty

Lobby, Inc., 477 U.S. at 249.  Second, the ultimate standard of proof is relevant for purposes of

ruling on a summary judgment, such that, when ruling on a summary judgment motion, the court

must "bear in mind the actual quantum and quality of proof necessary to support liability."

Anderson v. Liberty Lobby, Inc., 477 U.S. at 254.  Third, the court must resolve all reasonable

inferences and doubts in the nonmoving party's favor, and construe all evidence in the light most

favorable to the nonmoving party.  See Hunt v. Cromartie, 526 U.S. 541, 550-55 (1999);

Anderson v. Liberty Lobby, Inc., 477 U.S. at 255 ("The evidence of the non-movant is to be

believed, and all justifiable inferences are to be drawn in his favor.").  Fourth, the court cannot

decide any issues of credibility.  See Anderson v. Liberty Lobby, Inc., 477 U.S. at 255.

There are, however, limited circumstances in which the court may disregard a party's

version of the facts.  This doctrine developed most robustly in the qualified immunity arena.  In

Scott v. Harris, 550 U.S. 372 (2007), the Supreme Court concluded that summary judgment was

appropriate where video evidence "quite clearly contradicted" the plaintiff's version of the facts.

550 U.S. at 378-81.  The Supreme Court explained:

> At the summary judgment stage, facts must be viewed in the light most
> favorable to the nonmoving party only if there is a "genuine" dispute as to those
> facts.  Fed. Rule Civ. Proc. 56(c).  As we have emphasized, "[w]hen the moving
> party has carried its burden under Rule 56(c), its opponent must do more than
> simply show that there is some metaphysical doubt as to the material facts . . . .
> Where the record taken as a whole could not lead a rational trier of fact to find for
> the nonmoving party, there is no 'genuine issue for trial.'"  Matsushita Elec.
> Industrial Co. v. Zenith Radio Corp., 475 U.S. [at] 586-587 . . . (footnote

omitted).   "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Anderson v. Liberty Lobby, Inc., 477 U.S. [at] 247-248 . . . .   When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.

That was the case here with regard to the factual issue whether respondent was driving in such fashion as to endanger human life.  Respondent's version of events is so utterly discredited by the record that no reasonable jury could have believed him.  The Court of Appeals should not have relied on such visible fiction; it should have viewed the facts in the light depicted by the videotape.

Scott v. Harris, 550 U.S. at 380-81 (emphasis in original).

The United States Court of Appeals for the Tenth Circuit applied this doctrine in

Thomson v. Salt Lake County, 584 F.3d 1304 (10th Cir. 2009), and explained:

[B]ecause at summary judgment we are beyond the pleading phase of the litigation, a plaintiff's version of the facts must find support in the record: more specifically, "[a]s with any motion for summary judgment, when opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts."   York v. City of Las Cruces, 523 F.3d 1205, 1210 (10th Cir. 2008) (quoting Scott, 550 U.S. at 380); see also Estate of Larsen ex rel. Sturdivan v. Murr, 511 F.3d 1255, 1258 (10th Cir. 2008).

Thomson v. Salt Lake Cnty., 584 F.3d at 1312 (brackets omitted).  "The Tenth Circuit, in Rhoads

v. Miller, [352 F. App'x 289 (10th Cir. 2009)(Tymkovich, J.)(unpublished),[13]] explained that the

---

[13]Rhoads v. Miller is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it.  See 10th Cir. R. 32.1(A) ("Unpublished opinions are not precedential, but may be cited for their persuasive value.").  The Tenth Circuit has stated:

In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored.  However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

blatant contradictions of the record must be supported by more than other witnesses' testimony[.]"   Lymon v. Aramark Corp., 728 F. Supp. 2d 1222, 1249 (D.N.M. 2010) (Browning, J.)(citation omitted), aff'd, 499 F. App'x 771 (10th Cir. 2012).

> In evaluating a motion for summary judgment based on qualified immunity, we take the facts "in the light most favorable to the party asserting the injury." Scott v. Harris, 550 U.S. 372, 377 (2007).  "[T]his usually means adopting . . . the plaintiff's version of the facts," id. at 378, unless that version "is so utterly discredited by the record that no reasonable jury could have believed him," id. at 380.  In Scott, the plaintiff's testimony was discredited by a videotape that completely contradicted his version of the events.  550 U.S. at 379.  Here, there is no videotape or similar evidence in the record to blatantly contradict Mr. Rhoads' testimony. There is only other witnesses' testimony to oppose his version of the facts, and our judicial system leaves credibility determinations to the jury. And given the undisputed fact of injury, Mr. Rhoads' alcoholism and memory problems go to the weight of his testimony, not its admissibility . . . .  Mr. Rhoads alleges that his injuries resulted from a beating rendered without resistance or provocation. If believed by the jury, the events he describes are sufficient to support a claim of violation of clearly established law under Graham v. Connor, 490 U.S. 386, 395-96 (1989), and this court's precedent.

Rhoads v. Miller, 352 F. App'x at 291-92 (internal quotation marks omitted).  See Lymon v. Aramark Corp., 728 F. Supp. 2d at 1249-50 (quoting Rhoads v. Miller, 352 F. App'x at 291-92). In a concurring opinion in Thomson v. Salt Lake County, the Honorable Jerome A. Holmes, United States Circuit Judge for the Tenth Circuit, stated that courts must focus first on the legal question of qualified immunity and "determine whether plaintiff's factual allegations are sufficiently grounded in the record such that they may permissibly comprise the universe of facts that will serve as the foundation for answering the legal question before the court," before inquiring into whether there are genuine issues of material fact for resolution by the jury. 584 F.3d at 1326-27 (Holmes, J., concurring)(citing Goddard v. Urrea, 847 F.2d 765, 770 (11th

---

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005)(citations omitted).  The Court finds that Rhoads v. Miller, 352 F. App'x 289 (10th Cir. 2009), and Merswin v. Williams Cos., No. 09-5096, 2010 WL 373672 (10th Cir. 2010), have persuasive value with respect to material issues, and will assist the Court in its preparation of this Memorandum Opinion and Order.

Cir. 1988)(Johnson, J., dissenting))(observing that, even if factual disputes exist, "these disputes are irrelevant to the qualified immunity analysis because that analysis assumes the validity of the plaintiffs' facts").

### NEW MEXICO LAW REGARDING NEGLIGENCE PER SE

To establish a negligence per se claim, a plaintiff must prove: (i) that there is a statute which prescribes certain actions or defines a standard of conduct, either explicitly or implicitly; (ii) that the defendant violated the statute; (iii) that the plaintiff must be in the class of persons which the statute seeks to protect; and (iv) that the harm or injury to the plaintiff must generally be that which the Legislature, through the statute, sought to prevent. See Rimbert v. Eli Lilly & Co., 577 F. Supp. 2d 1174, 1204 (D.N.M. 2008)(Browning, J.)(citing Johnstone v. City of Albuquerque, 2006-NMCA-119, ¶ 16, 145 P.3d at 82). To hold a defendant liable under a claim of negligence per se, the plaintiff must show that the defendant violated a specific statute. See Parker v. E. I. DuPont deNemours and Co., Inc., 1995-NMCA-086, 909 P.2d 1, 12. New Mexico Uniform Civil Jury Instruction UJI 13-1501 provides:

> There [was a] [were] statute[s] in force in this state, at the time of the occurrence in question, which provided that:
>
>> (Quote or paraphrase the applicable part of the statute in question. If more than one statute is in question, list each statute separately)
>
> If you find from the evidence that _____ (party) violated [this] [any one of these] statute[s], then _____'s conduct constitutes negligence as a matter of law, [unless you further find that such violation was excusable or justified].
>
> [To legally justify or excuse a violation of a statute, the violator must sustain the burden of showing that [s]he did that which might reasonably be expected of a person of ordinary prudence, acting under similar circumstances, who desired to comply with the law.]

N.M.R.A. Civ. UJI 13-1501. This instruction appears in Chapter Fifteen, Statutes and Ordinances, and not in Chapter Sixteen, Tort Law -- Negligence. The "Directions for Use" for

UJI 13-1501 notes that "UJI 13-1503 should be used in addition to this instruction when there is an issue of proximate cause."  N.M.R.A., Civ. UJI 13-1501, Directions for Use.  N.M.R.A., Civ. UJI 13-1503 provides:

> Negligence resulting from a violation of a[n] [statute] [or] [ordinance] is no different in effect from that resulting from other acts or omissions constituting negligence.  In each case the negligence is of no consequence unless it was a cause of or contributed to, an injury found by you to have been suffered by the plaintiff.

N.M.R.A., Civ. UJI 13-1503.

## RELEVANT NEW MEXICO LAW REGARDING COLLATERAL ESTOPPEL

Under New Mexico law, "collateral estoppel, also called issue preclusion, prevents a party from re-litigating 'ultimate facts or issues actually and necessarily decided in a prior suit.'"  Ullrich v. Blanchard, 2007-NMCA-145, ¶ 19, 171 P.3d 774, 778 (quoting Deflon v. Sawyers, 2006-NMSC-025, ¶ 13, 137 P.3d 577, 582; Adams v. United Steelworkers of Am., AFL-CIO, 1982-NMSC-014, ¶ 16, 640 P.2d 475, 479.  Accord Hartnett v. Papa John's Pizza USA, Inc., 828 F. Supp. 2d 1278, 1286 (D.N.M. 2011)(Browning, J.).  For collateral estoppel to apply, four elements must be met: "(1) the parties in the current action were the same or in privity with the parties in the prior action, (2) the subject matter of the two actions is different, (3) the ultimate fact or issue was actually litigated, and (4) the issue was necessarily determined."  Ullrich v. Blanchard, 2007-NMCA-145, ¶ 19, 171 P.3d at 778 (quoting City of Sunland Park, Santa Teresa Servs. Co. v. Macias, 2003-NMCA-098, ¶ 10, 75 P.3d 816, 820).  Accord Hartnett v. Papa John's Pizza USA, Inc., 828 F. Supp. 2d at 1286.  If the party invoking the doctrine establishes a prima facie case, then the burden shifts to the party opposing collateral estoppel to show that he or she was not afforded a fair opportunity to litigate the issue in the prior proceeding.  See Padilla v. Intel Corp., 1998-NMCA-125, ¶ 4, 964 P.2d 862, 865; State v.

Bishop, 1992-NMCA-034, ¶ 8, 832 P.2d 793, 795; Hartnett v. Papa John's Pizza USA, Inc., 828 F. Supp. 2d at 1286.

Whether the doctrine of collateral estoppel should be applied is within the trial court's discretion, and the exercise of discretion is reviewed for an abuse of discretion on appeal. See Shovelin v. Cent. New Mexico Elec. Co-op., Inc., 1993-NMSC-015, ¶ 14, 850 P.2d 996, 1002; Hartnett v. Papa John's Pizza USA, Inc., 828 F. Supp. 2d at 1286. Even when all the elements of collateral estoppel are present, the trial court must consider whether countervailing equities militate against application of the doctrine. See Hyden v. Law Firm of McCormick, Forbes, Caraway & Tabor, 1993-NMCA-008, ¶ 14, 848 P.2d 1086, 1091; Hartnett v. Papa John's Pizza USA, Inc., 828 F. Supp. 2d at 1286. Collateral estoppel should be applied only where the judge determines that its application would not be fundamentally unfair. Reeves v. Wimberly, 1988-NMCA-038, ¶ 14, 755 P.2d 75, 78; Hartnett v. Papa John's Pizza USA, Inc., 828 F. Supp. 2d at 1286.

Collateral estoppel is an affirmative defense on which the party raising the defense bears the burden of proof. See Nwosun v. Gen. Mills Rests., Inc., 124 F.3d 1255, 1256 (10th Cir. 1997), cert. denied, 523 U.S. 1064 (1998); Fed. R. Civ. P. 8(c). A defendant may properly raise the defense in a rule 12(b)(6) motion when the facts necessary to support the defense are apparent on the face of the pleadings. See Prospero Assocs. v. Burroughs Corp., 714 F.2d 1022, 1024 (10th Cir. 1983)("The motion is also procedurally defective," because "[t]he affirmative defense of res judicata does *not* appear on the face of the Complaint.")(emphasis added); Miller v. Shell Oil Co., 345 F.2d 891, 893 (10th Cir. 1965)(reversing court's decision to grant a motion to dismiss based on defense of res judicata, where the facts that would support the defense were not in the complaint). See also Andrews v. Daw, 201 F.3d 521, 524 n.1 (4th Cir.

2000)(acknowledging that the affirmative defense of res judicata may be raised through a motion

to dismiss under rule 12(b)(6), but only if it clearly appears on the face of the complaint).

Furthermore, "it must be remembered that disputes over material issues of fact cannot be

resolved on a motion to dismiss . . . but must be reserved for resolution at trial by the appropriate

trier," and thus the affirmative defense of collateral estoppel can raise no disputed issues of fact.

C. Wright & A. Miller, Federal Practice & Procedure § 1277, at 328-30, 332 (3d ed. 1998).

> When there is no disputed issue of fact raised by an affirmative defense, or the
> facts are completely disclosed on the face of the pleadings, and realistically
> nothing further can be developed by pretrial discovery or a trial on the issue raised
> by the defense, the recent cases seem to agree that the matter may be disposed of
> by a motion to dismiss under Rule 12(b).

C. Wright & A. Miller, Federal Practice & Procedure § 1277, at 328-30, 332.  See Scott v.

Kuhlmann, 746 F.2d 1377, 1378 (9th Cir. 1984)("Ordinarily affirmative defenses such as

collateral estoppel may not be raised by motion to dismiss, but this is not true when, as here, the

defense raises no disputed issues of fact").  Alternatively, the party asserting collateral estoppel

through a motion to dismiss may request the court to take judicial notice of additional documents

filed of record in the prior case.  See Merswin v. Williams Cos., No. 09-5096, 2010 WL 373672,

*2 (10th Cir. 2010)(citations omitted).  See also Andrews v. Daw, 201 F.3d at 524 n.1 (stating

that, "when entertaining a motion to dismiss on the ground of res judicata, a court may take

judicial notice of facts from a prior judicial proceeding when the res judicata defense raises no

disputed issue of fact.")(citations omitted).

## LAW REGARDING THE FINALITY OF STATE COURT JUDGMENTS IN FEDERAL COURT

Res judicata and collateral estoppel are common-law doctrines of finality, which serve to

relieve parties of the costs and vexation of multiple lawsuits, conserve judicial resources, and

prevent inconsistent decisions.  See Allen v. McCurry, 449 U.S. 90, 94 (1980).  Res judicata

precludes a party from re-litigating issues that were or could have been raised in a final judgment on the merits.  Collateral estoppel precludes re-litigation of a common issue of law or fact which was necessarily decided in a prior court's final judgment.  See Allen v. McCurry, 449 U.S. at 94. In determining whether a doctrine of finality applies, a decision from a state court has the same preclusive effect in federal court as the decision would have in a subsequent state court action. See Reed v. McKune, 298 F.3d at 949-50 (citing 28 U.S.C. § 1738 ("[The] judicial proceedings of any court of any such State . . . shall have the same full faith and credit in every court within the United States  . . . as they would by law or usage in the courts of such State . . . from which they are taken.")).   A district court in the Tenth Circuit applying res judicata or collateral estoppel to a decision from a state court must look to the laws of that state to determine the required elements for either doctrine to preclude a claim or issue brought in federal court.  See Reed v. McKune, 298 F.3d at 949.  Thus, if a state law in state court would preclude re-litigation of a claim or an issue of law or fact, the same claim or issue is precluded in federal court.  See Reed v. McKune, 298 F.3d at 949 (applying Kansas law to determine whether collateral estoppel precludes an issue of fact or law in federal court).

Under New Mexico law, res judicata, also known as claim preclusion, bars re-litigation of "the same claim between the same parties or their privies when the first litigation resulted in a final judgment on the merits."  Deflon v. Sawyers, 2006-NMSC-025, ¶ 2, 139 N.M. 637, 137 P.3d 577.  New Mexico law prescribes four elements for a party seeking to assert res judicata: "(i) the same parties or parties in privity; (ii) the identity of capacity or character of persons for or against whom the claim is made; (iii) the same subject matter; and (iv) the same cause of action in both suits."  Hartnett v. Papa John's Pizza USA, Inc., 828 F. Supp. 2d at 1285-86 (citing Apodaca v. AAA Gas Co., 2003-NMCA-085, ¶ 75, 134 N.M. 77, 73 P.3d 215).  Res

judicata is a broad bar, precluding a party from bringing any claims which were, or which could have been raised in a prior proceeding finally determined on the merits.  See Kirby v. Guardian Life Ins. Co., 2010-NMSC-014, ¶ 61, 148 N.M. 106, 231 P.3d 87.  To determine whether a claim in a second suit is precluded under res judicata by a prior suit, New Mexico courts will look to: "(i) the relatedness of the facts in time, space origin, or motivation; (ii) whether, taken together, the facts form a convenient unit for trial purposes; and (iii) whether the treatment of the facts as a single unit conforms to the parties' expectations or business understanding or usage." Hartnett v. Papa John's Pizza USA, Inc., 828 F. Supp. 2d at 1285-86 (citing Bank of Santa Fe v. Marcy Plaza Assocs., 2002-NMCA-014, 131 N.M. 537, 40 P.3d 442).  Additionally, res judicata bars a claim only where a party had a "full and fair opportunity to litigate issues arising out of that claim." Kirby v. Guardian Life Ins. Co., 2010-NMSC-014, ¶ 61, 148 N.M. 106, 231 P.3d 87.

## ANALYSIS

The Court will deny the Motion, because it cannot properly conclude that Payne violated NMSA 1978 §§ 66-7-305(A) and 66-8-114 as a matter of law.  First, a reasonable jury could conclude that Payne did not violate either statute.  Second, the Magistrate Court Judgment does not bind the Court and has limited persuasive value.  Third, although the Court has decided to admit E. Leon's prior allegations into evidence, those allegations do not bar E. Leon from making a different argument in the current action.

## I.     A REASONABLE JURY COULD CONCLUDE THAT PAYNE DID NOT VIOLATE 1978 §§ 66-7-305(a) OR 66-8-114.

The Court cannot soundly determine that Payne violated NMSA 1978 §§ 66-7-305(A) and 66-8-114 as a matter of law.  On the undisputed facts here, a reasonable jury could conclude that Puckett was not negligent.  FedEx Ground contends that Payne entered the highway

"carelessly and at a slow speed," thereby violating both statutes.  Motion at 2.  The Court does not agree, at least at this stage, for two reasons.

First, Payne's "minimum speed" of "between 34 and 38 miles per hour" does not, without more, violate NMSA 1978 § 66-7-305(A).  Shutiva Depo. at 23:2-10 (Shutiva).  NMSA 1978 § 66-7-305(A) provides: "A person shall not drive a motor vehicle at such a slow speed as to <u>impede</u> the normal and reasonable movement of <u>traffic except when reduced speed is necessary for safe operation or to be in compliance with law</u>."  NMSA 1978 § 66-7-305(A) (emphasis added).  The mere fact that a vehicle is travelling below the speed limit does not mean that its driver is violating this statute.

Slow speed alone may not mean that a driver is impeding traffic.  The Tenth Circuit examined cases interpreting NMSA 1978 § 66-7-305(A) and similar statutes in other states in <u>United States v. Valadez-Valadez</u>, 525 F.3d 987 (10th Cir. 2008).  It decided to "join what appears to be a consensus of courts that driving at a speed moderately below the speed limit does not, without more, constitute obstructing or impeding traffic."  525 F.3d at 992.  These cases examined, in addition to the difference in speed, whether the road was a no-passing zone and whether there were numerous vehicles backed up behind the driver.  <u>See Salter v. N. Dakota Dep't of Transp.</u>, 505 N.W.2d 111, 114 (N.D. 1993)(finding no violation based on police officer's testimony that the defendant "was traveling 30–35 miles per hour in a 50 mile-per-hour no-passing zone, and that '[v]ehicles are coming up behind me because, you know, they want to go by, and I can't pass . . . .'"); <u>Com. v. Robbins</u>, 441 Pa. Super. 437, 439, 657 A.2d 1003, 1004 (1995)(finding obstruction where "about 17 to 20 cars were backed-up behind Appellant's vehicle in a no-passing zone. The operators of the other vehicles were angry, blowing their horns and raising their fists.").

Moreover, slow speed may be necessary for safe operation.  There is evidence that Payne parked on the shoulder to examine a possible necessary repair.  See Deposition of Lyle Maurice Sarracino at 30: (taken November 13, 2013), filed December 3, 2015 (Doc. 93-1).  FedEx Ground does not argue that Payne's use of the shoulder was unlawful.  See Motion at 3.  To re-enter the roadway from the shoulder, Payne would obviously have to accelerate to the speed of the surrounding traffic.  Even FedEx Ground recognizes that "a driver can't go from zero to 60 in a millisecond."  Tr. at 109:17-18 (Kaemper).  It may have been safer for Payne to accelerate in the roadway than on the shoulder, given the size of his tractor-trailer.  Payne's reduced speed may have been either the best speed physically possible or the speed "necessary for safe operation or to be in compliance with law."  NMSA 1978 § 66-7-305(A).

Second, a reasonable jury could find that Payne's move off the shoulder did not violate NMSA 1978 § 66-8-114.  This statute provides: "Any person who operates a vehicle in a careless, inattentive or imprudent manner, without due regard for the width, grade, curves, corners, traffic, weather and road conditions and all other attendant circumstances is guilty of a misdemeanor."  NMSA 1978 § 66-8-114(B).  FedEx Ground apparently does not dispute that Martinez-Leandro's tractor-trailer was traveling in the left lane at the time that Payne began to enter the right lane.  See Response at 2; Reply at 1, 4-5.  Depending on the surrounding circumstances, Payne's decision to pull of the shoulder into an empty lane may not be negligent at all.  See New Mexico Driver Manual, NEW MEXICO MOTOR VEHICLE DIVISION (February 17, 2016), http://mvd.newmexico.gov/mvd-procedures-manuals.aspx ("Changing lanes includes: . . . entering the roadway from the curb or shoulder. When changing lanes, you should: Look in your rear-view and side mirrors. Make sure there are no vehicles in the lane you want to enter.").  The Court should not cut off E. Leon's possible arguments on this issue -- the jury will be able to make this determination with a better understanding of the surrounding factual context.  Because a finder

of fact could reasonably resolve this issue in favor of either party, the Court will leave its resolution to the jury.  See Anderson v. Liberty Lobby, Inc., 477 U.S. at 250.

## II.   THE MAGISTRATE COURT JUDGMENT DOES NOT BIND THE COURT AND HAS LIMITED PERSUASIVE VALUE.

FedEx Ground contends that the Court should consider the Magistrate Court Judgment in making its decision.  Collateral estoppel does not require the Court to accept the Magistrate Court Judgment's result.  The Magistrate Court Judgment also has limited persuasive value, because the Court does not know how Judge Diaz arrived at his decision.

First, FedEx Ground correctly notes that the Magistrate Court Judgment does not bind the Court because of collateral estoppel.[14]  See Tr. at 109:6-13 (Kaemper).  Four elements must be met for collateral estoppel to apply: "(1) the parties in the current action were the same or in privity with the parties in the prior action, (2) the subject matter of the two actions is different, (3) the ultimate fact or issue was actually litigated, and (4) the issue was necessarily determined."  Ullrich v. Blanchard, 2007-NMCA-145, ¶ 19, 171 P.3d at 778.  The Magistrate

_____

[14]Claim preclusion, or res judicata, also does not require the Court to follow the Magistrate Court Judgment.  Claim preclusion bars re-litigation of "the same claim between the same parties or their privies when the first litigation resulted in a final judgment on the merits."  Deflon v. Sawyers, 2006-NMSC-025, ¶ 2, 137 P.3d 577.  New Mexico law requires four elements for claim preclusion: "(i) the same parties or parties in privity; (ii) the identity of capacity or character of persons for or against whom the claim is made; (iii) the same subject matter; and (iv) the same cause of action in both suits."  Hartnett v. Papa John's Pizza USA, Inc., 828 F. Supp. 2d at 1285-86.  The Magistrate Court Judgment fails on all four grounds here.  It involved only Payne and the State of New Mexico.  See Magistrate Court Judgment at 1.   This suit involves wholly different parties.  See Pretrial Order at 3-4, filed February 8, 2016 (Doc. 143).   Although both matters examine whether Payne was negligent, the present suit encompasses a broader range of subjects, including Federico-Martinez and FedEx Ground's negligence.  See Pretrial Order at 4-7.  Moreover, the causes of action in the two matters are completely different.  Compare Magistrate Court Judgment at 1 (citing NMSA 1978 § 66-8-114) with Pretrial Order at 7-8 (describing a state negligence action).  The two cases lack the "level of overlap" required for claim preclusion.  Braverman v. New Mexico, No. CIV. 11-0829 JB/WDS, 2012 WL 5378290, at *29 (D.N.M. Sept. 26, 2012)(Browning, J.)(noting that both cases had the same plaintiff, named the same defendant, alleged the same violations, and brought similar allegations).

- 26 -

Court Judgment fails this test's first prong, because the earlier proceedings involved only Payne and the State of New Mexico, neither of whom are in privity with the parties here. See Magistrate Court Judgment at 1. "[F]undamental fairness requires that the party against whom estoppel is asserted had a full and fair opportunity to litigate the issue in the prior proceeding." Hyden v. Law Firm of McCormick, Forbes, Caraway & Tabor, 1993-NMCA-008, ¶ 14, 848 P.2d at 1091. E. Leon had no meaningful opportunity to participate in the earlier litigation.

Even if the Magistrate Court Judgment satisfied the first prong, however, the Court would still decline to apply collateral estoppel. See Hyden v. Law Firm of McCormick, Forbes, Caraway & Tabor, 1993-NMCA-008, ¶ 14, 848 P.2d at 1091 ("Even when these elements are present, the trial court must consider whether countervailing equities such as lack of prior incentive for vigorous defense, inconsistencies, lack of procedural opportunities, and inconvenience of forum militate against application of the doctrine."); Hartnett v. Papa John's Pizza USA, Inc., 828 F. Supp. 2d at 1286 ("Even when all the elements of collateral estoppel are present, the trial court must consider whether countervailing equities militate against application of the doctrine."). The earlier proceedings took place in a single day. See Magistrate Court Judgment at 1. Although Payne's counsel was present, only the police officer represented the government. See Magistrate Court Judgment. The Cibola County Magistrate Court stated only that it found Payne guilty of "Careless driving (careless, inattentive, or imprudent)," and sentenced Payne to a fine of $300.00, plus court fees of $61.00. Magistrate Court Judgment. The Court does not express any doubt in the Cibola County Magistrate Court's decision, but it notes that the parties did not have the proper incentive for a vigorous suit and likely lacked the full range of procedural mechanisms present in federal court. See Hyden v. Law Firm of

McCormick, Forbes, Caraway & Tabor, 1993-NMCA-008, ¶ 14, 848 P.2d at 1091.  The Court thus concludes that collateral estoppel is inapplicable here.

Second, the Court questions the Magistrate Court Judgment's probative value.  FedEx Ground argues that the decision should be persuasive, because Judge Diaz "had the full facts of the case, looked at it," and found Payne guilty of careless driving.  Tr. at 109:6-13 (Kaemper).  FedEx Ground, however, has presented no evidence that Judge Diaz had the full facts of the case or any other detail on how it proceeded.  Judge Diaz may not have considered the Martinez-Leandro Depo., and there is no indication that Martinez-Leandro was present.  Although Judge Diaz has law enforcement experience, he is not an attorney.  The Court will leave the question of Payne's negligence to the jury, which will have the opportunity to consider the Martinez-Leandro Depo. and other evidence that could contradict FedEx Ground's account of events.  The federal jury should make that decision uninfluenced by the decision of a state, non-lawyer judge who did not have the robust record and arguments that the federal jury will see here.

## III.   THE COURT WILL ADMIT EVIDENCE OF E. LEON'S PRIOR ALLEGATIONS AND WILL ALLOW HIM TO MAKE CONFLICTING ARGUMENTS.

The Court will not grant summary judgment in favor of FedEx Ground based on E. Leon's allegations in Leon v. Payne, et al., No. CIV-12-0814 JB/LAM (D.N.M.)(the "Puckett Action").  The Court will admit these allegations into evidence at trial.  See MOO at 1.  It will not, however, assume that they are true or that they are more controlling evidence than other evidence.  E. Leon made the relevant allegations in her initial complaint in 2012.  See Puckett Action, Complaint to Recover Damages for Wrongful Death, Punitive Damages and Other Damages, filed in state court May 16, 2012, filed in federal court July 25, 2012 (Doc. 1-1 in the Puckett Action)("Puckett Complaint").  Both parties' understanding of the relevant facts may

have changed substantially through litigation and discovery.  The Martinez-Leandro Depo., for example, did not take place until November 8, 2013.  See Martinez-Leandro Depo. at 1.

FedEx Ground questions whether the Court should allow E. Leon to "tak[e] one position in one case; settl[e]; and then, in this case, tak[e] an entirely different position."  Tr. at 112:14-17 (Kaemper).  That E. Leon took a certain position in a prior case does not bar him from taking a contrary position in this case.  The doctrine of judicial estoppel, which provides the strongest legal support for FedEx Ground's position, is inapplicable here.  Judicial estoppel "prohibits a party from maintaining inconsistent positions in legal proceedings."  Gallegos v. Pueblo of Tesuque, 2002-NMSC-012, ¶ 23, 46 P.3d 668, 677.  When a party takes "a certain position in a legal proceeding and succeeds in maintaining that position, he may not thereafter assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him."  Citizens Bank v. C & H Const. & Paving Co., 1976-NMCA-063, ¶ 36, 552 P.2d 796, 802.  Judicial estoppel is inapplicable here, however, because the parties to the Puckett action settled before the Court could resolve the issue in favor of either party.  See Sw. Steel Coil, Inc. v. Redwood Fire & Cas. Ins. Co., 2006-NMCA-151, ¶ 19, 148 P.3d 806, 813 ("The parties in the underlying case settled before the lower court resolved this issue in favor of either party.  Thus, Southwest Steel was not 'successful' in assuming the position that the decedent was not an employee.").  Given the Court's decision to admit the inconsistent allegations in the Puckett Complaint, the jury may question E. Leon's current narrative of events. The Court will not, however, prevent E. Leon from arguing that Payne was not negligent.

**IT IS ORDERED** that Defendant FedEx Ground Package System, Inc.'s Motion for Partial Summary Judgment that Puckett Transportation, Inc.'s Driver Larry Payne was Negligent Per Se, filed November 16, 2015 (Doc. 75), is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Mark J. Caruso
Caruso Law Offices, PC
Albuquerque, New Mexico

--and--

Paul D. Barber
Barber & Borg LLC
Albuquerque, New Mexico

       *Attorneys for the Plaintiff*

Bryson F. Datt, Jr.
Robert E. Dapper, Jr.
Burns White
Pittsburgh, Pennsylvania

--and--

Michael E. Kaemper
Brenda M. Saiz
Abigail M. Yates
Rodey, Dickason, Sloan, Akin & Robb, PA
Albuquerque, New Mexico

       *Attorneys for the Defendant*