**FILED**

UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

FEB 26 2016

MATTHEW J. DYKMAN
CLERK

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

ELIA LEON, individually and as
Personal Representative
of the Estate of Martin Leon, Deceased,

      Plaintiff,

vs.

                              No. CV 13-1005 JB/SCY

FEDEX GROUND PACKAGE SYSTEM, INC.,

      Defendant.

<u>**COURT'S FINAL JURY INSTRUCTIONS**</u> **(GIVEN)**
(without citations)

JURY INSTRUCTION NO. 1

MEMBERS OF THE JURY:

You have now heard all of the evidence in this case.  The time has now come to give you final instructions that guide your deliberations as the sole judge of the facts of this case.

It becomes my duty, therefore, to state and instruct you on the rules of law governing the case that you must follow and apply in arriving at your decision in the case.

In any jury trial there are, in effect, two judges.  I am one of the judges; the other is the jury.  It is my duty to preside over the trial and to determine what evidence is relevant under the law for your consideration.

Please pay close attention to these instructions. I will read them only once, but the written instructions will be given to you to take to the jury room.

JURY INSTRUCTION NO. 2

The law of this case is contained in these instructions and it is your duty to follow them.

You must consider these instructions as a whole, not picking out one instruction, or parts thereof,

and disregarding others.

JURY INSTRUCTION NO. 3

You are the sole judges of all disputed questions of fact in this case. It is your duty to determine the true facts from the evidence produced here in open court. Your verdict should not be based on speculation, guess or conjecture.

You are to apply the law, as stated in these instructions, to the facts as you find them and, in this way, decide the case. Neither sympathy nor prejudice should influence your verdict.

JURY INSTRUCTION NO. 4

This case should be considered and decided by you as an action between parties of equal standing in the community, of equal worth, and holding the same or similar stations in life.  All persons stand equal before the law, and are to be dealt with as equals in a court of justice.

JURY INSTRUCTION NO. 5

FedEx Ground Package System, Inc., is a corporation.  A corporation is entitled to the same fair and unprejudiced treatment as an individual and you should decide the case with the same impartiality as you would use in deciding a case between individuals.

JURY INSTRUCTION NO. 6

The evidence which you are to consider in this case consists of the testimony of the witnesses and the exhibits admitted into evidence by the court and any facts admitted or agreed to by counsel and any facts which the Court instructs you to accept as true.

The production of evidence in court is governed by rules of law. From time to time, it has been my duty, as judge, to rule on the evidence. You must not concern yourselves with the reasons for these rulings. You should not consider what would or would not have been the answers to the questions which the court rules could not be answered.

JURY INSTRUCTION NO. 7

A fact may be proved by circumstantial evidence.  Circumstantial evidence consists of proof of facts or circumstances which give rise to a reasonable inference of the truth of the fact sought to be proved.

JURY INSTRUCTION NO. 8

You alone are the judges of the credibility of the witnesses and of the weight to be given to the testimony of each of them.  In determining the credit to be given to the testimony of any witness, you may take into account the witness' ability and opportunity to observe, the witness' memory, the witness' manner while testifying, any interest, bias or prejudice that the witness may have and the reasonableness of the testimony, considered  in light of all the evidence of the case.

JURY INSTRUCTION NO. 9

A deposition is testimony taken under oath before trial and has been preserved in writing or by video. This testimony is entitled to the same consideration as any other testimony at this trial.

JURY INSTRUCTION NO. 10

Interrogatories are written questions asked by one party to another before trial and answered under oath.  The questions and answers may be read at trial as evidence.  The answers read to you are entitled to the same consideration as any other testimony.

JURY INSTRUCTION NO. 11

The Rules of Evidence do not ordinarily permit a witness to testify as to an opinion or conclusion.  However, a witness who is qualified as an expert in a subject may be permitted to state an opinion as to that subject.  After considering the reasons stated for an opinion, you should give it such weight as it deserves.  You may reject an opinion entirely if you conclude that it is unsound.

JURY INSTRUCTION NO. 12

An expert witness is permitted to state an opinion based upon a question which, for the purposes of trial, assumes as true certain facts which may or may not be true.

It will be for you in your deliberations, however, to determine from all of the evidence whether or not the facts assumed have been proved to be true.

JURY INSTRUCTION NO. 13

The rules of evidence provide that if scientific, technical, or other specialized knowledge might assist you in understanding the evidence or in determining a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify and state an expert opinion concerning such matters.

You should consider each expert opinion received in evidence in this case and give it such weight as you may think it deserves.  If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or that the opinion is outweighed by other evidence, then you may disregard the opinion entirely.

JURY INSTRUCTION NO. 14

An attorney has the right to interview a witness for the purpose of learning what testimony the witness will give.   The fact that the witness has talked to an attorney does not reflect adversely on the truth of such testimony.

JURY INSTRUCTION NO. 15

A party seeking a recovery or a party relying upon a defense has the burden of proving every essential element of the claim or defense by the greater weight of the evidence.

To prove by the greater weight of the evidence means to establish that something is more likely true than not true. When I say, in these instructions, that the party has the burden of proof on negligence, I mean that you must be persuaded that what is sought to be proved is more probably true than not true. Evenly balanced evidence is not sufficient.

JURY INSTRUCTION NO. 16

Due to issues not related to the accident in this case, Larry A. Payne has not been available for testimony either before trial or during trial.  Neither party is responsible for that unavailability.

JURY INSTRUCTION NO. 17

Certain charts and summaries have been shown to you in order to help explain the facts disclosed by the books, records, and other documents which are in evidence in the case. Such charts or summaries are used for convenience. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

JURY INSTRUCTION NO. 18

After these instructions on the law governing this case, the lawyers may make closing arguments, or statements, on the evidence and the law.  These summaries can be of considerable assistance to you in arriving at your decision and you should listen carefully.  You may give them such weight as you think proper.  However, neither these final discussions nor any other remarks or arguments of the attorneys made during the course of the trial are to be considered by you as evidence or as correct statements of the law, if contrary to the law given to you in these instructions.

JURY INSTRUCTION NO. 19

To establish her claims of negligence, Ms. Leon has the burden of proving by a preponderance of the evidence each of the following:

1) That FedEx Ground or its driver, Federico Martinez-Leandro, owed a duty of reasonable care to the deceased, Martin Leon;

2) That FedEx Ground or Mr. Martinez-Leandro breached its duty of reasonable care to Mr. Leon;

3) That FedEx Ground or Mr. Martinez-Leandro's breach of duty was the cause of Mr. Leon's injury; and

4) That Mr. Leon or Ms. Leon suffered damages.

JURY INSTRUCTION NO. 20

To establish the claim of negligence in training a statutory employee or agent, Ms. Leon has the burden of proving the following:

1.      FedEx Ground was the statutory employee or agent of Mr. Martinez-Leandro;

2.      FedEx Ground knew or should have known that not training Mr. Martinez-Leandro would create an unreasonable risk of injury to the motoring public, including Mr. Leon;

3.      FedEx Ground failed to use ordinary care in training Mr. Martinez-Leandro;

4.      FedEx Ground's negligence in training Mr. Martinez-Leandro was a cause of Martin Leon's injuries and death.

JURY INSTRUCTION NO. 21

A corporation can only act through its officers, employees, and agents.  Any act or omission of an officer, employee, or agent of a corporation within the scope or course of his/her employment, is the act or omission of the corporation.

JURY INSTRUCTION NO. 22

Mr. Martinez-Leandro was the statutory employee or agent of FedEx Ground at the time of the occurrence.  Therefore, FedEx Ground is liable for any wrongful act or omission of Mr. Martinez-Leandro.

JURY INSTRUCTION NO. 23

Under the Federal Motor Carrier Safety Regulations, Mr. Martinez-Leandro is deemed the statutory employee of FedEx Ground at the time of the occurrence.

JURY INSTRUCTION NO. 24

CFR §376.12, regarding Written lease requirements, provides, in part:

(c) **Exclusive possession and responsibilities** – (1) The lease shall provide that the authorized carrier lessee shall have exclusive possession, control, and use of the equipment for the duration of the lease.  The lease shall further provide that the authorized carrier lessee shall assume complete responsibility for the operation of the equipment for the duration of the lease.

JURY INSTRUCTION NO. 25

Every person has a duty to exercise ordinary care for the safety of the person and the property of others.

Every person also has a duty to exercise ordinary care for the person's own safety and the safety of his or her property.

JURY INSTRUCTION NO. 26

It is the duty of every operator of a vehicle to exercise ordinary care, at all times, to prevent an accident.

JURY INSTRUCTION NO. 27

It is the duty of every operator of a vehicle, at all times, to keep a proper lookout and to maintain proper control of his or her vehicle so as to avoid placing the operator or others in danger and to prevent an accident.

JURY INSTRUCTION NO. 28

The duty to keep a proper lookout requires more than merely looking.  It also requires a person to actually see what is in plain sight or is obviously apparent to one under like or similar circumstances.

Further, with respect to that which is not in plain sight or readily apparent, a person is required to appreciate and realize what is reasonably indicated by that which is in plain sight.

JURY INSTRUCTION NO. 29

A driver has the right to assume that other drivers will obey the law unless the driver sees, or by the exercise of ordinary care should have seen, that the driver of the other vehicle will not obey the law or is unable to avoid a collision.

JURY INSTRUCTION NO. 30

The term "negligence" may relate either to an act or a failure to act.

An act, to be "negligence", must be one which a reasonably prudent person would foresee as involving an unreasonable risk of injury to himself or herself or to another and which such a person, in the exercise of ordinary care, would not do.

A failure to act, to be "negligence", must be a failure to do an act which one is under a duty to do and which a reasonably prudent person, in the exercise of ordinary care, would do in order to prevent injury to himself or herself or to another.

JURY INSTRUCTION NO. 31

"Ordinary care" is that care which a reasonably prudent person would use in the conduct of the person's own affairs.  What constitutes "ordinary care" varies with the nature of what is being done.

As the risk of danger that should reasonably be foreseen increases, the amount of care required also increases.  In deciding whether ordinary care has been used, the conduct in question must be considered in the light of all the surrounding circumstances.

JURY INSTRUCTION NO. 32

Negligence resulting from a violation of a statute is no different in effect from that resulting from other acts or omissions constituting negligence.  In each case the negligence is of no consequence unless it was a cause of or contributed to, an injury found by you to have been suffered by the plaintiff and/or defendant.

JURY INSTRUCTION NO. 33

There were statutes in force in this state at the time of the occurrence in question, which provided as follows:

NMSA §66-7-318(A) (2011) (Following Too Closely) – The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway.

NMSA §66-7-318(B) (2011) (Following Too Closely) – The driver of any motor truck or motor vehicle drawing another vehicle when traveling upon a roadway outside of a business or residence district shall not follow another motor truck or motor vehicle drawing another vehicle within three hundred feet, except that this shall not prevent a motor truck or motor vehicle drawing another vehicle from overtaking and passing by any like vehicle or other vehicle.

NMSA §66-8-114 (2011) (Careless Driving) – A.  Any person operating a vehicle on the highway shall give his full time and entire attention to the operation of the vehicle.

B.  Any person who operates a vehicle in a careless, inattentive or imprudent manner, without due regard for the width, grade, curves, corners, traffic, weather and road conditions and all other attendant circumstances is guilty of a misdemeanor.

NMSA §66-7-317 (2006) (Driving on roadways laned for traffic) – whenever any roadway has been divided into two or more clearly marked lanes for traffic, the following rules in addition to all others consistent herewith shall apply:

A.      a vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety.

Federal Motor Carrier Safety Regulation 49 CFR §392.2 – Every commercial motor vehicle must be operated in accordance with the laws, ordinances, and regulations of the jurisdiction in which it is being operated.

If you find from the evidence that FedEx Ground and/or Mr. Martinez-Leandro violated any of these statutes, then FedEx Ground and/or Mr. Martinez-Leandro's conduct constitutes negligence as a matter of law.

JURY INSTRUCTION NO. 34

There were statutes in force in this state at the time of the occurrence in question, which provided as follows:

NMSA §66-7-305(a) (Minimum speed regulation) – A person shall not drive a motor vehicle at such a slow speed as to impede the normal and reasonable movement of traffic except when reduced speed is necessary for safe operation or to be in compliance with law.

NMSA §66-8-114 (Careless Driving) – A. Any person operating a vehicle on the highway shall give his full time and entire attention to the operation of the vehicle . . . [a]ny person who operates a vehicle in a careless, inattentive or imprudent manner, without due regard for the . . . traffic . . . and all other attendant circumstances is guilty of a misdemeanor.

NMSA §66-7-325 (Turning movements and signals) - No person shall . . . move right or left upon a roadway unless and until such movement can be made with reasonable safety. No person shall so turn any vehicle without giving an appropriate signal in the manner hereinafter provided in the event any other traffic may be affected by such movement.

A signal of intention to turn right or left when required shall be given continuously during not less than the last one hundred feet traveled by the vehicle before turning.

If you find from the evidence that Larry Payne violated any one of these statutes, then Larry Payne's conduct constitutes negligence as a matter of law.

JURY INSTRUCTION NO. 35

The mere happening of an accident is not evidence that any person was negligent. Neither the fact that damages are claimed due to the accident nor the fact that this lawsuit was filed is evidence of any negligence on the part of any person.

JURY INSTRUCTION NO. 36

An act or omission is a "cause" of injury, harm or death if it contributes to bringing about the injury, harm or death, and if injury, harm or death would not have occurred without it.   It need not be the only explanation for the injury, harm, or death, nor the reason that is nearest in time or place.  It is sufficient if it occurs in combination with some other cause to produce the result.  To be a "cause", the act or omission, nonetheless, must be reasonably connected as a significant link to the injury, harm, or death.

JURY INSTRUCTION NO. 37

You are not to engage in any discussion of damages unless you have first determined that there is liability, as elsewhere covered in these instructions.

The fact that you are given instructions on damages is not to be taken as an indication as to whether the court thinks damages should or should not be awarded.

JURY INSTRUCTION NO. 38

This lawsuit has been brought by Ms. Leon, Individually and on behalf of the surviving beneficiaries of Martin Leon who is now deceased.  The surviving beneficiaries are Elia Leon, Luis Martin Leon, Adrian T. Leon, and Juanita Isabel Leon.

New Mexico law allows damages to be awarded to the beneficiaries if the death or the related damages described in this instruction were caused by the wrongful act, neglect, or fault of another.  If you should find for Elia Leon on the question or liability, you must then fix the amount of money which you deem fair and just for the life of Martin Leon, including in your award compensation for any of the following elements of damages proved by the evidence:

1)  The reasonable expenses of funeral and burial;

2)  The pain and suffering experienced by Martin Leon, if any, between the time of injury and death;

3)  The lost earnings, the lost earning capacity and the value of the lost household services of Martin Leon considering Martin Leon's age, earning capacity, health, habits, and life expectancy.  In considering loss of earnings or earning capacity, deductions must be made for income taxes, social security taxes, other taxes, and personal living expenses of Martin Leon.  The damages set forth in this paragraph are damages for future loss of money and are paid in a lump sum.  Therefore, a reasonable discount must be made for the future earning power of the damages awarded;

4)  The value of Martin Leon's life apart from his earning capacity;

5)   The mitigating or aggravating circumstances attending the wrongful act, neglect or default;

6) The emotional distress to the beneficiary caused by the loss of society, guidance, companionship and sexual relations enjoyed with Martin Leon;

7) The loss of guidance and counseling to Martin Leon's minor children;

8) You may also consider the loss to the beneficiaries of other expectant benefits that have a monetary value. While the presence or absence of a measurable monetary loss to beneficiaries is a factor for consideration, damages may be awarded even where monetary loss to the surviving beneficiaries cannot be shown.

The property or wealth of the beneficiaries or of FedEx Ground is not a legitimate factor for your consideration.

The guide for you to follow in determining fair and just damages is the enlightened conscience of impartial jurors acting under the sanctity of your oath to compensate the beneficiaries with fairness to all parties to this action. Your verdict must be based on evidence, not on speculation, guess or conjecture. You must not permit the amount of damages to be influenced by sympathy or prejudice, or by the grief or sorrow of the family, or the loss of Martin Leon's society to his family.

JURY INSTRUCTION NO. 39

If you have found that Ms. Leon is entitled to damages arising in the future, you must determine the amount of such damages.

If these damages are of a continuing nature, you may consider how long they will continue.

As to loss of future earning ability, you may consider that some persons work all their lives and others do not and that a person's earnings may remain the same or may increase or decrease in the future.

JURY INSTRUCTION NO. 40

In fixing the amount you may award for damages arising in the future, you must reduce the total of such damages by making allowance for the fact that any award you might make would, if properly invested, earn interest. You should, therefore, allow a reasonable discount for the earning power of such money and arrive at the present cash value of the total future damages, if any.

Damages for any future pain and suffering are not to be so reduced.

JURY INSTRUCTION NO. 41

According to a table of mortality, the life expectancy of persons aged 48 years is 31.26 additional years.  This figure is not conclusive.  It is the average life expectancy of persons who have reached that age.  This figure may be considered by you in connection with other evidence relating to the probable life expectancy of Martin Leon, including evidence of his occupation, health, habits and other activities, bearing in mind that some persons live longer and some live shorter than the average.

JURY INSTRUCTION NO. 42

In this case, Elia Leon seeks to recover punitive damages from FedEx Ground.  You may consider punitive damages only if you find that Elia Leon should recover compensatory damages.

1.  If you find that the conduct of FedEx Ground was willful, reckless, or wanton, then you may award punitive damages against it.

2.  Additionally, if you find that the conduct of Mr. Martinez-Leandro was willful, reckless, or wanton,  you may award punitive damages against FedEx Ground if:

(A) Mr. Martinez-Leandro was acting in the scope of his employment by FedEx Ground and had sufficient discretionary or policy-making authority to speak and act for it with regard to the conduct at issue, independently of higher authority; or if

(B) FedEx Ground in some other way authorized, participated in, or ratified the conduct of Mr. Martinez-Leandro.

3.  If you find that the conduct of FedEx Ground agents or employees, taken as a whole, showed that FedEx Ground was willful, reckless, or wanton, you may award punitive damages against FedEx Ground.   You may view the acts and omission of the employees of FedEx Ground in the aggregate to determine whether FedEx Ground acted willfully, recklessly, or wantonly because of the cumulative conduct of its employees.

Willful conduct is the intentional doing of an act with knowledge that harm may result.

Reckless conduct is the intentional doing of an act with utter indifference to the consequences.  When there is a high risk of danger, conduct that breaches the duty of care is more likely to demonstrate recklessness.

Wanton conduct is the doing of an act with utter indifference to or conscious disregard for a person's safety.

Punitive damages are awarded for the limited purposes of punishment and to deter others from the commission of like offenses.  The amount of punitive damages must be based on reason and justice taking into account all the circumstances, including the nature and enormity of the wrong and such aggravating and mitigating circumstances as may be shown.  The property or wealth of FedEx Ground is a legitimate factor for your consideration.  The amount awarded, if any, must be reasonably related to the injury and to any damages given as compensation and not disproportionate to the circumstances.

You must not consider punitive damages, or increase the amount of any punitive damages award, to provide additional compensation of any kind to Ms. Leon.  Punitive damages may be awarded only if FedEx Ground's culpability, after having paid compensatory damages, is so reprehensible as to warrant the imposition of further sanctions to achieve the proper amount of punishment or deterrence.

In determining an appropriate amount of punitive damages, if any, you may consider FedEx Ground's wealth.  However, you may consider FedEx Ground's wealth only to determine the approximate punishment for the conduct affecting Ms. Leon in this case and upon which you have based your finding of liability.  You may not use FedEx Ground's wealth as a gauge for the imposition of a penalty to deter the entire type or course of conduct that affected Ms. Leon.

JURY INSTRUCTION NO. 43

Upon retiring to the jury room you should first elect a foreperson who will preside over your deliberations and will be your spokesperson here in court.

A form of verdict has been prepared for your convenience. You will take the verdict form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date and sign it and then return to the courtroom.

If, during your deliberations, you should desire to communicate with me, please put your message or question in writing signed by the foreperson, and pass the note to the court security officer who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom. I caution you, however, with regard to any message or question you might send, that you should never state your numerical division.

JURY INSTRUCTION NO. 44

The jury acts as a body. Therefore, on every question on the verdict form which the jury must answer it is necessary that all jurors participate regardless of the vote on another question. Before a question can be answered, all ten of you must agree upon the answer.

JURY INSTRUCTION NO. 45

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.  You may not use any electronic device or media, such as a telephone, cell phone, smart phone, computer, the Internet, any text or instant messaging service, blog, or any website such as Facebook, LinkedIn, YouTube, or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.  In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case.  You can only discuss the case in the jury room with your fellow jurors during deliberations.

You may not use electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media may be wrong, incomplete, or inaccurate.   You are permitted to discuss the case with only your fellow jurors during deliberations because they have seen and heard the same evidence you have.  In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom.  Otherwise, your decision may be based on information known only by you and not your fellow jurors and the parties in this case.  This would unfairly and adversely impact the judicial process.

JURY INSTRUCTION NO. 46

In deliberating on this case, it is your duty to consult with one another and to decide the case only after an impartial consideration of the evidence.  In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion, if convinced it is wrong, but do not give up your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.  Remember that you are not partisans but judges -- judges of the facts.  Your sole interest is to determine the truth from the evidence in the case.

JURY INSTRUCTION NO. 47

Faithful performance by you of your duties is vital to the administration of justice.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

ELIA LEON, individually and as
Personal Representative
of the Estate of Martin Leon, Deceased,

      Plaintiff,

vs.                                                            No. CV 13-1005 JB/SCY

FEDEX GROUND PACKAGE SYSTEM, INC.,

      Defendant.

## SPECIAL VERDICT FORM

On the questions submitted, the jury finds as follows:

**Question 1:**   Was either the Defendant FedEx Ground Package System, Inc. or Federico Martinez-Leandro negligent?

Answer:         Yes _____              No _____

If the answer to Question No. 1 is "No", you are not to answer further questions.  Your foreperson must sign this special verdict, which will be your verdict for FedEx Ground and against Elia Leon, and you will all return to open court.

If the answer to Question No. 1 is "Yes", you are to answer Question No. 2.

**Question 2:**   Was the negligence of FedEx Ground and/or Mr. Martinez-Leandro a cause of Martin Leon's death, injuries and damages?

Answer:         Yes _____              No _____

If the answer to Question No. 2 is "No", you are not to answer further questions.  Your foreperson must sign this special verdict, which will be your verdict for FedEx Ground and against Elia Leon, and you will all return to open court.

If the answer to Question No. 2 is "Yes", you are to answer the remaining questions on this special verdict form.  When you all have agreed upon each of your answers, your foreperson must sign this special verdict, and you will all return to open court.

**Question 3:**   In accordance with the damage instructions given by the Court, we find the total amount of damages suffered by Ms. Leon to be

- 50 -

$ _____

*(Here enter the total amount of damages without any reduction for comparative negligence.)*

**Question 4:**  Was either Puckett Transportation, Inc. or Larry A. Payne negligent?

Answer:        Yes _____   No _____

If the answer to Question 4 is "No", you are not, in answering Question 6, to allocate any percentage of fault or negligence to Puckett Transportation/Mr. Payne.

If the answer to Question 4 is "Yes", you are to answer Question 5.

**Question 5:**  Was the negligence of Puckett Transportation and/or Mr. Payne a cause of Mr. Leon's death, injuries, and damages?

Answer:        Yes _____   No _____

If the answer to Question 5 is "No", you are not, in answering Question 6, to allocate any percentage of fault or negligence to Puckett Transportation/Mr. Payne.

If the answer to Question 5 is "Yes", you are to answer Question 6 fully.

**Question 6:**  Compare the negligence of the following persons and find a percentage for each. The total of the percentages must equal 100% but the percentage for any one or more of the persons named may be zero if you find that such person was not negligent or that any negligence on the part of such person was not a cause of the damages.

FedEx Ground Package System, Inc./Federico Martinez-Leandro          _____ %

Puckett Transportation, Inc./Larry A. Payne          _____ %

                                                              **100% TOTAL**

The court will multiply the percentage of each corporation or person times Ms. Leon's total damages as found by the jury under Question 3.  The Court will then enter judgment for Ms. Leon against FedEx Ground in the proportion of damages found as to that Defendant.

**Question 7**:  Did the act of FedEx Ground amount to willful, wanton, or reckless conduct?

Answer:        Yes _____   No _____

If your answer is "Yes" to FedEx Ground or Mr. Martinez-Leandro, enter in an answer to Question 8 the amount of punitive damages, if any, to be awarded against FedEx Ground.

If your answer is "No" as to FedEx Ground, you are not to answer Question 8.  Your foreperson must sign this Special Verdict and you will all return to open court.

**Question 8**:  In accordance with the exemplary or punitive damage instructions given by the Court, we find the total amount of punitive damages to be awarded against FedEx Ground as to Ms. Leon to be as follows:

$_____

_____
FOREPERSON

DATED: _____