## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

ELIA LEON, individually and as personal
representative of the estate of MARTIN LEON,
deceased,

        Plaintiff,

vs.                                                                        No. CIV 13-1005 JB/SCY

FEDEX GROUND PACKAGE SYSTEM, INC.,

        Defendant.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on Defendant FedEx Ground Package System,

Inc.'s Motion in Limine to Exclude Allegations of Additional Statutory Violations not Disclosed

by Plaintiff's Expert, Lew Grill, filed November 16, 2015 (Doc. 63)("Motion").  The Court held

a hearing on December 22, 2015.  The primary issue is whether the Court should allow Plaintiff

Elia Leon's expert, Lew Grill, to testify regarding any potential statutory violations that were not

disclosed in discovery or in E. Leon's expert witness disclosures.  The Court will grant the

Motion, because Grill did not provide sufficient notice of any additional statutory violations in

Grill's expert witness disclosures.  Grill may testify at trial regarding only the statutory

violations mentioned with specificity in his report.

## <u>FACTUAL BACKGROUND</u>

The Court takes its facts from the Plaintiff's Complaint to Recover Damages for Personal

Injury & Wrongful Death (Jury Trial Demanded), filed October 17, 2013 (Doc. 1)("Complaint"),

the Motion, and Defendant FedEx Ground Package System, Inc.'s Response in Opposition to

Plaintiff's Motion in Limine, filed December 3, 2015 (Doc. 93)("Prior Response").

On November 30, 2011, at roughly 11:00 p.m., Federico Martinez-Leandro was driving a tractor-trailer "eastbound on Interstate 40 in Cibola County, New Mexico approximately .2 miles west of mile marker 89."   Complaint ¶ 12, at 3.   Martin Leon, an authorized passenger, was present in the tractor's cab.   See Complaint ¶ 13, at 3.   Martinez-Leandro crashed the tractor-trailer into the rear of a second tractor-trailer while in the right lane.   See Complaint ¶ 15, at 3. M. Leon suffered serious injuries and death because of the accident.   See Complaint ¶ 16, at 3.

Martinez-Leandro was Eusebia Transportation, Inc.'s employee or agent.   See Complaint ¶ 8, at 2.   Eusebia Transportation had leased the tractor and Martinez-Leandro's services to FedEx Ground Package System, Inc., which provided the trailers and displayed its Department of Transportation number on the tractor.   See Complaint ¶ 7-8, at 2.

Larry Payne, a driver for Puckett Transportation, Inc., was driving the other tractor-trailer involved in the collision.   See Complaint ¶ 15, at 3.   E. Leon, FedEx Ground, and the New Mexico State Police reconstructed the accident, and all agree that Payne's tractor-trailer was traveling in the outer lane of travel at less than the speed limit.   See Prior Response at 2 (stating that Payne was traveling "well below the speed limit, at approximately 34 to 38 mph").

## PROCEDURAL BACKGROUND

On October 17, 2013, E. Leon brought suit as decedent M. Leon's widow and personal representative.   See Complaint ¶¶ 2, 4, at 1.   E. Leon alleges two counts in her Complaint: (i) negligence; and (ii) "safety violations, negligent operations, and aiding and abetting."   Complaint ¶¶ 17-25, 26-42, at 4-5, 6-8.   E. Leon seeks actual and compensatory, exemplary, and punitive damages.   See Complaint ¶¶ 41-43, at 7-9.

### 1.     The Report.

Lew Grill, E. Leon's expert witness, authored a report on October 15, 2015.   See A

Report by Lew Grill, filed November 16, 2015 (Doc. 63-1)("Grill Report").  Grill states that he is a "truck driver, owner operator, truck driver-training instructor, truck driver training program director, and [] consultant for motor carriers and truck driving schools."  Grill Report at 5.  He explains that he will testify regarding the standard of care of truck drivers using federal regulations, commercial driver's license standards, state laws, and safe driving strategies.   See Grill Report at 6-9.  Although he addresses laws governing traffic safety in general, he refers to only a few specifically: FMCSR §§ 383.8, 383.110, 383.111, 390.5, 390.11, 390.19, 390.21, 392.1, 395.3, and "Appendix to Subpart G -- sample guidelines for required knowledge and skills."  Grill Report at 6-28.  He also mentions the entirety of "Part 383 -- Commercial Driver's License Standards: Requirements and Penalties."  Grill Report at 6.

     **2.**      **The Motion.**

On November 16, 2015, FedEx Ground moved to "exclude any additional allegations of statutory violations that were either not timely disclosed in discovery or in Plaintiff's expert witness disclosures."  Motion at 1.  It first notes that Grill's Report discloses a set of specific Federal Motor Carrier Safety Regulations.  See Motion at 1 (citing Grill Report).  It argues that the Court should limit evidence of any statutory violations that Grill did not disclose in his report or in discovery.  See Motion at 1.  First, it explains that "such allegations have not been disclosed by the close of discovery and were not pleaded with the requisite notice as required by Federal Rule of Civil Procedure 8."  Motion at 1.  Second, it contends that E. Leon should be limited to the allegations of statutory violations in the Grill Report, because rule 26 requires E. Leon to provide a "complete statement of all opinions the witness will express and the basis and reasons for them . . . [and] the facts or data considered by the witness in forming them."  Motion at 2 (citing Fed. R. Civ. Proc. 26(a)(2)(B)(i)-(ii)).  It notes that the Grill Report mentions only four

regulations: FMCSR §§ 390.5, 390.11, 390.21, and 392.1.  See Motion at 2.

   **3.**  **The Response.**

  E. Leon responded on December 3, 2015.  See Plaintiff's Response to Defendant's Motion *In Limine* to Exclude Allegations of Additional Statutory Violations not Disclosed by Plaintiff's Expert, Lew Grill, filed December 3, 2015 (Doc. 87)("Response").  E. Leon adds FMCSR §§ 392.1, 383.3, 383.110, and 383.11, as well as the "Appendix to subpart G," to FedEx Ground's list of regulations.  Response at 1.  She also argues that the Grill Report referred to every other provision within Section 383.  She adds that FedEx Ground can explore other statutes during Grill's deposition.  Moreover, E. Leon contends that she should be able to argue that FedEx Ground violated certain statutes not listed in the Grill Report because the determination does not require expert testimony.  See Response at 1-2 (citing N.M. Stat. Ann. §§ 66-7-310, 66-7-318, 66-8-113, 66-8-114 as statutes not requiring expert testimony).

   **4.**  **The Reply.**

  FedEx Ground replied on December 18, 2015.  See FedEx Ground Package System, Inc.'s Reply in Support of its Motion in Limine to Exclude Allegations of Additional Statutory Violations not Disclosed by Plaintiff's Expert, Lew Grill, filed December 18, 2015 (Doc. 116)("Reply").  FedEx Ground begins by pointing to E. Leon's argument on New Mexico statutes as the sort of statutory violation allegations that the Court should exclude from evidence. See Reply at 1.  It argues that E. Leon cannot allege, after the close of discovery, violations of New Mexico law that she did not include in her Complaint.  See Reply at 1-2.

  FedEx Ground also contests E. Leon's argument that the Grill Report sufficiently discloses violations of "all of" the FMCSR provisions in Part 383.  Reply at 2 (quoting Response at 1).  It contends that the reference is "vague, overbroad, and does not comply with the

requirements of Federal Rule of Civil Procedure 26."   Reply at 2.   It explains that part 383 contains thirty-eight sections, encompassing a broad range of topics.   See Reply at 2.  Allowing evidence on every one of these provisions, it says, would prevent it from adequately preparing for Grill's cross-examination and would result in "unfair surprise."   Reply at 2.   Finally, FedEx Ground contends  that whether it violated the relevant regulations "cannot be expected to fall within the common knowledge of the jury."   Reply at 2.   It thus requests that the Court exclude evidence of these violations from the record entirely.

### 5.   **The Hearing.**

The Court held a hearing on December 22, 2015.   See Transcript of Hearing, taken December 22, 2015 (Doc. 128)("Tr.").   The Court opened the discussion by explaining that it was inclined to grant the Motion:

> I would be inclined to put a box on it.  And right at the moment the box is the report.  And if he didn't bring it up, then I'd be inclined to keep it out.  If he does slip something in or has something additional at the deposition, then I guess I'll have to deal with that at trial or before trial, if it's something additional or supplemental.  But that would be how I'd be inclined to handle this motion.

Tr. at 10:4-12 (Court).  FedEx Ground repeated its position that E. Leon's reference to part 383 of the FMCSR was too broad to provide sufficient notice.   See Tr. at 10:15-25 (Yates).  E. Leon responded that FedEx Ground would not be surprised at trial because it would have the opportunity to ask Grill about any additional statutory violations during his deposition.   See Tr. at 11:22-12:2 (Barber).

E. Leon repeated her argument that she should be allowed to argue that Martinez-Lopez violated other laws, including New Mexico statutes, because the issues do not require an expert opinion.   See Tr. at 12:3-19 (Barber).   If this matter were "a little fender-bender case, where somebody drove through a stop sign without stopping," she argued, "there would be no experts,

and we would submit a jury instruction on negligence per se for violating the stop sign law."  Tr. at 12:4-9 (Barber).  Finally, she urged the Court to make a limited ruling: "If Your Honor intends to rule that Mr. Grill is limited to what he opined, that's kind of the normal course of things.  But to preclude instructions, when there is evidence supporting a violation that the jury can determine without expert opinion, I think, is too broad."  Tr. at 12:21-13:2 (Barber).

The Court indicated that it agreed with E. Leon on its decision's limited scope.  See Tr. at 13:3-14 (Court)("[P]robably I shouldn't be trying to opine at this time as to what the jury instruction is going to be as to any violation of any statute.  I'm simply talking about what the expert testimony would be.").  FedEx Ground clarified that, "to the extent Mr. Grill is going to provide expert testimony, it needs to be limited to the disclosures contained in his report."  Tr. at 13:18-21 (Yates).

The Court agreed, and summed up its likely ruling:

> Well, at the present time he's limited to what's in the report.  He can't bring up general 383.  He can bring up specific 383s, as outlined in his report.  If you depose him, and there are some additional disclosures, then I may have to figure out whether you're prejudiced by them, whether they're necessary.  Y'all can talk about them, and there [may be] further rulings I need to make on anything that's subsequent to this hearing today. I'm not making any ruling on what the jury instructions are going to be, what the per se -- or whether per se instruction will be given or not given.  This motion is just limited to what the expert will be allowed to say at trial.

Tr. at 14:3-19 (Court).  FedEx Ground deposed Grill on December 29, 2015.  See Response at 2.

## LAW REGARDING RULE 8

Rule 8(a) of the Federal Rules of Civil Procedures states:

(a)     **Claim for Relief.**  A pleading that states a claim for relief must contain:

(1)     a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim

needs no new jurisdictional support;

(2)     a short and plain <u>statement</u> of the claim showing that the pleader is
        entitled to relief;

Fed. R. Civ. P. 8(a) (emphasis added).  Other rules use the terms "allegation" and "statement":

(d)     **Pleading to Be Concise and Direct; Alternative <u>Statements</u>;
        Inconsistency.**

    (1)     **In General.**  Each <u>allegation</u> must be simple, concise, and direct.
                No technical form is required.

    (2)     **Alternative Statements of a Claim or Defense.**  A party may set
                out 2 or more <u>statements</u> of a claim or defense alternatively or
                hypothetically, either in a single count or defense or in separate
                ones. If a party makes alternative <u>statements</u>, the pleading is
                sufficient if any one of them is sufficient.

    (3)     **Inconsistent Claims or Defenses.**  A party may <u>state</u> as many
                separate claims or defenses as it has, regardless of consistency.

Fed. R. Civ. P. 8(d) (emphasis added).  <u>Accord</u> Fed. R. Civ. P. 9(a)(2) ("which must state"); <u>id.</u>

9(b) ("a party must state"); <u>id.</u> 9(c) ("allege"); <u>id.</u> 9(d) ("allege"); <u>id.</u> 9(g) ("specifically stated").

The Court recently applied rule 8(a) to a very concise complaint in <u>Graham v. Troncoso</u>,

No. CIV 14-0745 JB/WPL, 2015 WL 1568433 (D.N.M. Mar. 30, 2015)(Browning, J.).  The

plaintiff in <u>Graham v. Troncoso</u> alleged, in three sentences, that the defendant negligently caused

a car wreck with his vehicle.  <u>See</u> 2015 WL 1568433, at *23.  The plaintiff sought a "judgment

as against Defendant Troncoso in an amount exceeding the minimum jurisdictional limits of this

Court, including both compensatory and punitive damages."  2015 WL 1568433, at *23.  The

Court held that this complaint adequately stated a claim under rule 8(a)'s pleading standard,

explaining that its "allegations are not mere conclusory allegations or threadbare recitations of

the elements of negligence."  2015 WL 1568433, at *23.

## LAW REGARDING MOTIONS TO DISMISS UNDER RULE 12(b)(6)

Rule 12(b)(6) authorizes a court to dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true."  Mobley v. McCormick, 40 F.3d 337, 340 (10th Cir. 1994).  The sufficiency of a complaint is a question of law, and when considering a rule 12(b)(6) motion, a court must accept as true all well-pled factual allegations in the complaint, view those allegations in the light most favorable to the non-moving party, and draw all reasonable inferences in the plaintiff's favor.  See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007)("[O]nly if a reasonable person could not draw . . . an inference [of plausibility] from the alleged facts would the defendant prevail on a motion to dismiss."); Smith v. United States, 561 F.3d 1090, 1098 (10th Cir. 2009)("[F]or purposes of resolving a Rule 12(b)(6) motion, we accept as true all well-pled factual allegations in a complaint and view these allegations in the light most favorable to the plaintiff."  (citing Moore v. Guthrie, 438 F.3d 1036, 1039 (10th Cir. 2006))).

A complaint need not set forth detailed factual allegations, yet a "pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. at 678.  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Bell Atl. Corp v. Twombly, 550 U.S. at 555 (citation omitted).

To survive a motion to dismiss, a plaintiff's complaint must contain sufficient facts that, if assumed to be true, state a claim to relief that is plausible on its face.  See Bell Atl. Corp. v. Twombly, 550 U.S. at 570; Mink v. Knox, 613 F.3d 995, 1000 (10th Cir. 2010).  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. at 556).  "Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complainant must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."  Ridge at Red Hawk, LLC v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007)(emphasis omitted).  The Tenth Circuit has stated:

> "[P]lausibility" in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible."  The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.

Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 570)(citations omitted).

Although affirmative defenses must generally be pled in the defendant's answer, not argued on a motion to dismiss, see Fed. R. Civ. P. 8(c), there are exceptions where: (i) the defendant asserts an immunity defense -- the courts handle these cases differently than other motions to dismiss, see Glover v. Gartman, 899 F. Supp. 2d 1115, 1137-39, 1141 (D.N.M. 2012)(Browning, J.)(citing Pearson v. Callahan, 555 U.S. 223 (2009); Robbins v. Oklahoma, 519 F.3d 1242 (10th Cir. 2008)); and (ii) where the facts establishing the affirmative defense are apparent on the face of the complaint, see Miller v. Shell Oil Co., 345 F.2d 891, 893 (10th

Cir. 1965)("Under Rule 12(b), a defendant may raise an affirmative defense by a motion to dismiss for the failure to state a claim.  If the defense appears plainly on the face of the complaint itself, the motion may be disposed of under this rule.").   The defense of limitations is the affirmative defense most likely to be established by the uncontroverted facts in the complaint.  See 5 Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Richard L. Marcus & Adam N. Steinman, Federal Practice & Procedure: Civil § 1277 (3d ed. 2014).  If the complaint sets forth dates that appear, in the first instance, to fall outside of the statutory limitations period, then the defendant may move for dismissal under rule 12(b)(6).  See Rohner v. Union Pac. R.R. Co., 225 F.2d 272, 273-75 (10th Cir. 1955); Gossard v. Gossard, 149 F.2d 111, 113 (10th Cir. 1945); Andrew v. Schlumberger Tech. Co., 808 F. Supp. 2d 1288, 1292 (D.N.M. 2011)(Browning, J.).  The plaintiff may counter this motion with an assertion that a different statute of limitations or an equitable tolling doctrine applies to bring the suit within the statute; the Tenth Circuit has not clarified whether this assertion must be pled with supporting facts in the complaint or may be merely argued in response to the motion.   Cf. Kincheloe v. Farmer, 214 F.2d 604 (7th Cir. 1954)(holding that, once a plaintiff has pled facts in the complaint indicating that the statute of limitations is a complete or partial bar to an action, it is incumbent upon the plaintiff to plead, either in the complaint or in amendments to it, facts establishing an exception to the affirmative defense).  It appears, from case law in several circuits, that the plaintiff may avoid this problem altogether -- at least at the motion-to-dismiss stage -- by refraining from pleading specific or identifiable dates, see Goodman v. Praxair, Inc., 494 F.3d 458, 465-66 (4th Cir. 2007); Hollander v. Brown, 457 F.3d 688, 691 n.1 (7th Cir. 2006); Harris v. New York, 186 F.3d 243, 251 (2d Cir. 1999); Honeycutt v. Mitchell, No. CIV 08-0140 W, 2008 WL 3833472 (W.D. Okla. Aug. 15, 2008)(West, J.), and, although the Tenth Circuit has not squarely addressed this practice, the

Court has permitted it, see Anderson Living Trust v. WPX Energy Prod., LLC, 27 F. Supp. 3d

1188, 1235-36 (D.N.M. 2014)(Browning, J.).

### LAW REGARDING DISCLOSURE OF EXPERTS

Rule 26 of the Federal Rules of Civil Procedure provides, in relevant part:

**(2)** *Disclosure of Expert Testimony*.

> **(A)** *In General*.  In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.

> **(B)** *Witnesses Who Must Provide a Written Report*.  Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report -- prepared and signed by the witness -- if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony.  The report must contain:

>> **(i)** a complete statement of all opinions the witness will express and the basis and reasons for them;

>> **(ii)** the facts or data considered by the witness in forming them;

>> **(iii)** any exhibits that will be used to summarize or support them;

>> **(iv)** the witness's qualifications, including a list of all publications authored in the previous 10 years;

>> **(v)** a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

>> **(vi)** a statement of the compensation to be paid for the study and testimony in the case.

> **(C)** *Witnesses Who Do Not Provide a Written Report*.  Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:

>> **(i)** the subject matter on which the witness is expected to

present evidence under Federal Rule of Evidence 702, 703, or 705; and

**(ii)** a summary of the facts and opinions to which the witness is expected to testify.

**(D)** *Time to Disclose Expert Testimony*.   A party must make these disclosures at the times and in the sequence that the court orders.  Absent a stipulation or a court order, the disclosures must be made:

**(i)** at least 90 days before the date set for trial or for the case to be ready for trial; or

**(ii)** if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure.

**(E)** *Supplementing the Disclosure*.   The parties must supplement these disclosures when required under Rule 26(e).

Fed. R. Civ. P. 26(a)(2).

Pursuant to rule 26(b)(4)(A), "[a] party may depose any person who has been identified as an expert whose opinions may be presented at trial.  If Rule 26(a)(2)(B) requires a report from the expert, the deposition may be conducted only after the report is provided."

"District courts have broad discretion to exclude untimely disclosed expert-witness testimony."  Pride v. BIC Corp., 218 F.3d 566 (6th Cir. 2000)(citing Trilogy Commc'ns v. Times Fiber Commc'ns, Inc., 109 F.3d 739, 745 (Fed. Cir. 1997); Konstantopoulos v. Westvaco Corp., 112 F.3d 710, 719 (3d Cir. 1997)).  See Hirpa v. IHC Hosps., Inc., 50 F. App'x 928, 932 (10th Cir. 2002)(unpublished)("The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." (quoting Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co., 170 F.3d 985, 993 (10th Cir. 1999))).[1]  On the other

[1]Hirpa v. IHC Hosps., Inc. is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it.  See

hand, a district court may "refuse to strike expert reports and allow expert testimony even when the expert report violates Rule 26(a) if the violation is justified or harmless." Jacobsen v. Deseret Book Co., 287 F.3d 936, 952 (10th Cir. 2002). The United States Court of Appeals for the Tenth Circuit has identified four factors that a district court should consider when deciding whether to exclude expert evidence: "[i] the prejudice or surprise to the party against whom the testimony is offered; [ii] the ability of the party to cure the prejudice; [iii] the extent to which introducing such testimony would disrupt the trial; and [iv] the moving party's bad faith or willfulness." Ellsworth v. Tuttle, 148 F. App'x 653, 665 (10th Cir. 2005)(unpublished)(quoting Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co., 170 F.3d at 993). In exercising its discretion, "[a] district court need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose." Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co., 170 F.3d at 993.

## RELEVANT LAW REGARDING RULE 37 SANCTIONS

Rule 37(c) of the Federal Rules of Civil Procedure provides for certain sanctions if a party fails to "disclose, to supplement an earlier response, or to admit" information in accordance

---

10th Cir. R. 32.1(A)("Unpublished decisions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005)(citations omitted). The Court finds that Hirpa v. IHC Hosps., Inc.; Ellsworth v. Tuttle, 148 F. App'x 653, 665 (10th Cir. 2005); Klein-Becker USA v. Englert, No. CIV 12-4076, 2013 WL 1223819 (10th Cir. 2013); and Gillum v. United States, 309 F. App'x 267 (10th Cir. 2009), have persuasive value with respect to material issues, and will assist the Court in its preparation of this Memorandum Opinion and Order.

with rules 26(a) or (e):

> **(1) *Failure to Disclose or Supplement.*** If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
>> **(A)** may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>>
>> **(B)** may inform the jury of the party's failure; and
>>
>> **(C)** may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Rule 37(b)(2)(A)(i)-(vi) authorizes a court to impose various sanctions upon a party for failure to comply with "an order to provide or permit discovery," including: (i) ordering that designated facts be taken as established; (ii) precluding the disobedient party from supporting or opposing matters at issue, or "introducing designated matters in evidence;" (iii) "striking pleadings in whole or in part;" (iv) "staying further proceedings until the order is obeyed;" (v) dismissing the action; and (vi) "rendering a default judgment against the disobedient party."  Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi).  "Determination of the correct sanction for a discovery violation is a fact-specific inquiry that the district court is best qualified to make."  Ehrenhaus v. Reynolds, 965 F.2d 916, 920 (10th Cir. 1992).  Sanctions must be "just" and related to the claim "at issue in the order to provide discovery."  Klein-Becker USA v. Englert, No. CIV 12-4076, 2013 WL 1223819, at *3 (10th Cir. 2013)(unpublished)(quoting Ehrenhaus v. Reynolds, 965 F.2d at 920).

> "Whether a failure to disclose is harmless and/or justified under Rule 37 depends upon several factors that a district court should consider in exercising its discretion."  Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co., 170 F.3d 985, 993 (10th Cir. 1999).  These factors include: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." Id.

Eugene S. v. Horizon Blue Cross Blue Shield of New Jersey, 663 F.3d 1124, 1129-30 (10th Cir. 2011).  "A district court need not make explicit findings concerning the existence of a substantial justification or the harmlessness" of a rule 26(a) violation.    Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co., 170 F.3d at 993.  In the context of considering whether a district court properly excluded evidence because a party's failed to comply with rule 26(a) or (e), the Tenth Circuit has explained: "The parties to a litigation are not merely players in a game, trying to catch each other out.  Rather, litigation should promote the finding of the truth, and, wherever possible, the resolution of cases on their merits."  Gillum v. United States, 309 F. App'x 267, 270 (10th Cir. 2009)(unpublished).

For example, in Gillum v. United States, the Tenth Circuit determined that a party's failure to produce a written expert report in compliance with rule 26(a)(2)(B) did not warrant the extreme sanction of excluding the expert's testimony.  See 309 F. App'x at 269-70.  The district court had found that the inadequate expert report prejudiced the United States, because it could not adequately prepare for deposing the expert, and the district court determined that the prejudice could not be cured on the premise that the United States had "only . . . one chance to confront that expert, . . . flat-footed, with the benefit of the homework that you can do before you take that expert deposition, and that opportunity is now gone permanently in this case."  309 F. App'x at 269-70 (internal quotations omitted).  The Tenth Circuit held that the district court "abused its discretion in analyzing the 'cure factor,'" because the district court "focused on the fact that the inadequate report permanently deprived the United States of the opportunity to confront [the expert] . . . 'flat-footed.'"  309 F. App'x at 270.  The Tenth Circuit held that this analysis was faulty, because the plaintiff had arranged for the United States to depose the expert a second time before the end of the discovery period, and the plaintiff could cover the United

States' costs for a second deposition.  See 309 F. App'x at 270.  While stating that "[b]y no means do we condone the provision of inadequate expert report and begrudging snippets of information, and we caution that parties who behave in this manner act to their peril," the Tenth Circuit held that the total exclusion of the expert's testimony was unnecessary.  309 F. App'x at 370.

On the other hand, in Martinez v. Target Corp., 384 F. App'x 840 (10th Cir. 2010), the Tenth Circuit found that a district court properly struck a plaintiff's untimely expert report, which the plaintiff filed nine months after the deadline for expert disclosure had passed, seven weeks after discovery closed, and after the defendant had filed for summary judgment.  See 384 F. App'x at 847-48.  The plaintiff argued that the defendant should have been on notice of the expert reports, because they were filed in a separate action in Oklahoma before the plaintiff's trial, but the district court found "no precedent for the proposition that the timely disclosure of expert reports in a different case could satisfy the deadline requirements established in the present case."  384 F. App'x at 847-48.  The plaintiff also provided no explanation for her failure to seek an "extension of the expert-disclosure deadline if, as she argued, she had an extremely difficult time locating experts she considered critical to her case."  384 F. App'x at 848.

The Court has previously applied Woodworker's Supply, Incorporated v. Principal Mutual Life Insurance Company to overrule a defendant's objection to a plaintiff's supplement to an expert report.  See Coffey v. United States, No. CIV 08-0588 JB/LFG, 2012 WL 2175747, at *1, *12-14 (D.N.M. May 26, 2012)(Browning, J.).  In Coffey v. United States, the Court determined that any prejudice or surprise the defendant suffered was minimal, because the defendant's main argument against admitting the supplemented report was that it lacked relevance, which the Court explained the defendant could raise as an objection at trial and, thus,

did not warrant precluding the report pretrial.  See 2012 WL 2175747, at *13.  Additionally, the Court determined that, because the defendant had the supplemented report well before it deposed the plaintiff's expert, any prejudice to the defendant was the defendant's own fault.  See 2012 WL 2175747, at *13.  There was no evidence that the supplemented report would disrupt trial, because the defendant did not assert that it "would need additional witnesses to combat improper testimony."  2012 WL 2175747, at *12-13.  Lastly, although the plaintiff did not have a consistent explanation for the need to supplement the report rather than including the new information in the expert's first report, the Court did not find any evidence of bad faith or willfulness in the plaintiff's delay, and, therefore, the Court did not exclude the supplemented expert report.  See 2012 WL 21275747, at *14-15.

On the other hand, in Guidance Endodontics, LLC v. Dentsply International, Incorporated, the Court did not permit a party to supplement its expert report given the timing of the supplementation and the harm to the opposing side.  See 2009 WL 3672502, at *4.  The Court found it particularly relevant that the party seeking to supplement -- the plaintiff -- "had all of the information necessary to develop this supplemental report since June 17, 2009 -- two weeks before the deadline for designating rebuttal experts, a month and a half before the deadline for supplementing expert reports, and three months before trial," but did not give the supplement "to the Defendants until the day the trial began."  2009 WL 3672502, at *4.  The Court had entered a preliminary injunction against the defendants, and was wary of delaying the trial, because even one day could substantially prejudice the defendants.  See 2009 WL 3672502, at *5.  Relying on the Tenth Circuit's case in Jacobsen v. Deseret Book Co., the Court noted in a discussion of that case: "The Tenth Circuit appeared to find that the fact that the opposing party was unaware of the substance of the witnesses direct examination testimony was sufficient

prejudice to weigh against permitting amendment." Guidance Endodontics, LLC v. Dentsply Int'l, Inc., 2009 WL 3672502, at *4. The Court, addressing the contents of the supplemental expert report and the timing issues, stated:

> While the Defendants are not entirely in the dark regarding Desrosiers' testimony, the timing of the supplemental report is such that it will impede the Defendants' ability to rebut any testimony based on it. The trial of a case is a substantial undertaking that consumes most or all of an attorney's time. Delivering an expert report to opposing counsel on the first day of trial, therefore, is not helpful. There is no time to prepare a rebuttal expert or investigate the principles underlying the expert's opinions.
>
> In this case, the Defendants have little if any time to prepare a new or existing expert witness by sending the witness to the Johnson City facility nor doing additional research to rebut Desrosiers' new expected testimony. Furthermore, the supplemental report ambiguously references "some recent research" that underlies these new opinions. With no indication what that research was and no properly informed expert witness to prepare the Defendants' counsel, the Defendants would be left going fishing in the expert's superior knowledge on cross-examination, which is never an enviable position for one to be in.

2009 WL 3672502, at *5 (citation omitted). The Court also concluded that, given that the case was currently in trial, "neither party can substantially decrease the level of prejudice." 2009 WL 3672502, at *5. The Court also found it significant that its prior preliminary injunction still encumbered the defendants. See 2009 WL 3672502, at *5. The Court also noted that the particularly late timing of the disclosure was disruptive, because,

> if the Court were to put the trial on hold to allow the Defendants to prepare for this testimony, even if it only took one day, someone would have to rework the travel arrangements of many of the out-of-town witnesses and the trial would not be completed within the three weeks that the Court has allotted for it.

2009 WL 3672502, at *5. Compare Solis-Marrufo v. Bd. of Comm'rs for Cty. of Bernalillo, No. CIV 11-0107 JB/KBM, 2013 WL 1658304, at *40 (D.N.M. Apr. 4, 2013)(Browning, J.)(declining to exclude witnesses' testimony at trial, "because the Court's sanctions render the late disclosure harmless").

<u>ANALYSIS</u>

The Court will grant the Motion and prevent Grill from addressing additional statutory violations in his testimony at trial.  First, rule 8 does not restrict the scope of Grill's testimony. Second, rules 26 and 37 limit this scope, because E. Leon did not provide sufficient notice of any additional statutory violations in Grill's expert witness disclosures.  The Court rules only on what Grill will be allowed to say at trial and does not rule on any jury instructions.

**I.    RULE 8 DOES NOT REQUIRE THAT E. LEON DISCLOSE THE PRECISE STATUTES UNDERLYING HER NEGLIGENCE PER SE THEORY IN HER <u>COMPLAINT</u>.**

Rule 8 does not require E. Leon to identify the specific statutory violations that will support her negligence per se theory.  FedEx Ground contends that the Court should not allow Grill to testify regarding statutory violations, because they "were not pleaded with the requisite notice as required by Federal Rule of Civil Procedure 8."  Motion at 1.  It does not otherwise mention rule 8 anywhere else in its briefing, and did not raise the issue at the hearing.  <u>See</u> Tr. at 9:12-14:19 (Barber, Court, Yates).

Rule 8 requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "The Federal Rules of Civil Procedure do not require a plaintiff to set out the legal theories underlying his claims for relief." <u>Strickland v. Jewell</u>, 562 F. Supp. 2d 661, 670 (M.D.N.C. 2007)(Eliason, M.J.).  The Supreme Court of the United States recently addressed this issue in <u>Johnson v. City of Shelby, Mississippi</u>, 135 S. Ct. 346 (2014)(per curiam).  In that case, the United States Court of Appeals for the Fifth Circuit affirmed the district court's grant of summary judgment in the defendant's favor, because the plaintiffs did not expressly cite 42 U.S.C. § 1983 in their complaint.  <u>See</u> <u>Johnson v. City of Shelby, Miss.</u>, 743 F.3d 59, 62 (5th Cir. 2013)(per curiam).  The Fifth Circuit defended its

requirement as a form of notice rather than "a mere pleading formality."  743 F.3d at 62.  The

Supreme Court "summarily reversed," holding that "no heightened pleading rule requires

plaintiffs seeking damages for violations of constitutional rights to invoke § 1983 expressly in

order to state a claim."  135 S. Ct. at 347.  It explained: "Federal pleading rules call for 'a short

and plain statement of the claim showing that the pleader is entitled to relief,' Fed. Rule Civ.

Proc. 8(a)(2); they do not countenance dismissal of a complaint for imperfect statement of the

legal theory supporting the claim asserted."  Johnson v. City of Shelby, Miss., 135 S. Ct. at 346.

It specifically distinguished its decisions in Bell Atlantic Corporation v. Twombly and Ashcroft

v. Iqbal, noting that they "concern the *factual* allegations a complaint must contain to survive a

motion to dismiss."  Johnson v. City of Shelby, Miss., 135 S. Ct. at 347 (emphasis in original).

See § 1219 Statement of the Claim -- Theory of the Pleadings Doctrine, 5 Fed. Prac. & Proc.

Civ. § 1219 (3d ed.)("The federal rules effectively abolish the restrictive theory of the pleadings

doctrine[2], making it clear that it is unnecessary to set out a legal theory for the plaintiff's claim

for relief.")(citations omitted).[3]

> This rule can apply even when a plaintiff identifies the wrong cause of action.

> The federal rules, and the decisions construing them, evince a belief that when a party has a valid claim, he should recover on it regardless of his counsel's failure to perceive the true basis of the claim at the pleading stage, provided always that a late shift in the thrust of the case will not prejudice the other party in maintaining a defense upon the merits

---

[2]The theory of the pleadings doctrine required plaintiffs to select a specific theory in their complaints.  The plaintiff would then succeed or fail based on that theory alone.  See Statement of the Claim -- Theory of the Pleadings Doctrine, 5 Fed. Prac. & Proc. Civ. § 1219 (3d ed.).

[3]This treatise adds, however, that "[a]lthough it is possible to survive the pleading stage without a carefully articulated legal theory, it will be hard for the plaintiff's counsel to present a convincing case at trial or on a summary judgment motion without such a theory."  Statement of the Claim -- Theory of the Pleadings Doctrine, 5 Fed. Prac. & Proc. Civ. § 1219 (3d ed.).

Statement of the Claim -- Theory of the Pleadings Doctrine, 5 Fed. Prac. & Proc. Civ. § 1219 (3d ed.)(internal footnotes omitted).  In Strickland v. Jewell, for example, the plaintiff brought what he described as an assault claim against a woman who grabbed "his genital area" from behind at a water fountain.  562 F. Supp. 2d at 671.  The defendant moved for summary judgment, arguing that the plaintiff's allegations did "not meet the definition of common law civil assault," because the plaintiff could not see the defendant coming and thus had no apprehension of harmful contact.  562 F. Supp. 2d at 670.  The Court denied summary judgment, explaining that the plaintiff could bring a battery claim, because the complaint provided "fair notice of the nature and basis or grounds of the claim and a general indication of the type of litigation involved." 562 F. Supp. 2d at 670.  Because the plaintiff provided facts addressing the "four elements of battery," the defendant had notice of the plaintiff's claim.  562 F. Supp. 2d at 671.

The Court concludes that Rule 8 did not require E. Leon to include a list of the specific statutes for her negligence per se claim in her Complaint.  The Complaint includes a discussion of the facts surrounding the collision.  See Complaint ¶¶ 12-16, at 4-5.  It mentions that FedEx Ground breached its duty of care in a manner that was negligent per se,

including but not limited to:

a.      Failing to yield;

b.      Traveling too fast for conditions;

c.      Failing to keep a proper lookout;

d.      Failure to exercise due care in the operation and maintenance of the vehicle;

e.      Failure to operate the vehicle in a safe and reasonable manner and under control;

f.      Failure to make sure that the driver was knowledgeable and skilled in night driving, emergency maneuvers and vehicle inspections.

g.      Driving a vehicle in violation of existing codes, statutes and ordinances;

   h.  Driving a vehicle while inattentive to other vehicles and roadway conditions.

Complaint ¶ 21, at 4-5.  "The clear purpose of the rule is to give notice to the other party and not to formulate issues or fully summarize the facts involved."  Wang Labs., Inc. v. Ma Labs., Inc., No. C-94-20272 RPA, 1995 WL 364335, at *1 (N.D. Cal. June 9, 1995)(Aguilar, J.)(quoting Clausen & Sons, Inc. v. Theo. Hamm Brewing Co., 395 F.2d 388, 390 (8th Cir. 1968)).  The Complaint's facts and the mention of negligence per se give sufficient notice to FedEx Ground.

## II. E. LEON DOES NOT PROVIDE SUFFICIENT NOTICE OF ANY ADDITIONAL STATUTORY VIOLATIONS IN GRILL'S EXPERT WITNESS DISCLOSURES.

  E. Leon does not give FedEx Ground sufficient notice of numerous statutory violation allegations not mentioned in discovery or expert witness disclosures.  Rule 26 requires that a witness "retained or specially employed to provide expert testimony in the case" must provide a report including "a complete statement of all opinions the witness will express and the basis and reasons for them."  Fed. R. Civ. Proc. 26(a)(2)(B).  This disclosure requirement exists "to eliminate surprise and provide opposing counsel with enough information . . . to prepare efficiently for deposition, any pretrial motions and trial."  Cook v. Rockwell Int'l Corp., 580 F.Supp.2d 1071, 1121-22 (D. Colo. 2006)(Kane, J.); Fed. R. Civ. P. 37, Advisory Committee Notes to Subdivision (c) ("This automatic sanction provides a strong inducement for disclosure of material that the disclosing party would expect to use as evidence, whether at a trial, at a hearing, or on a motion, such as one under Rule 56.").

  Rule 37(c) provides the Court with means to address failures to disclose:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. Proc. 37(c)(1).  The Court may also impose other sanctions, including fee shifting, informing the jury of a party's failure to disclose, striking pleadings, or even dismissing the action.  <u>See</u> Fed. R. Civ. Proc. 37(c)(1)(A)-(C); Fed. R. Civ. Proc. 37(b)(2)(A)(i)-(vi).     This rule prevents expert witnesses from testifying on matters that they failed to disclose in their reports.  <u>See</u> Rule 26. Duty to Disclose; General Provisions Governing Discovery, 1 Federal Rules of Civil Procedure, Rules and Commentary Rule 26 ("Under Rule 37(c)(1), the presumptive sanction for failing to disclose a testifying expert or supply a required expert report or summary disclosures is to exclude (or limit) the expert's testimony unless the failure was substantially justified or harmless."); 7 Annotated Patent Digest § 41:169 ("Generally, an expert will be precluded from testifying to any opinions that were not disclosed in its expert report.").

The Court will prevent Grill from testifying regarding any statutes that he did not disclose in his Report.  <u>See</u> <u>Rossi v. City of Chicago</u>, 790 F.3d 729, 738 (7th Cir. 2015)("The exclusion of non-disclosed evidence is mandatory under Rule 37(c)(1) unless non-disclosure was justified or harmless.")(internal quotations omitted).  The parties agree that Grill is an expert witness, and Grill has provided a report.  <u>See</u> Motion at 1; Response at 1-2; Grill Report at 1.  FedEx Ground takes no issue with the Grill Report's format or disclosure date.  <u>See</u> Motion at 1-3.  It instead argues that the Grill Report's discussion of statutory violations should limit the scope of Grill's testimony.  <u>See</u> Motion at 2.

The Court agrees with FedEx Ground on this point for two reasons.  First, the Grill Report exists to "set forth the substance of the direct examination."  Fed. R. Civ. P. 26, Advisory Committee Notes to Subdivision (a).  Expert reports "must be detailed and complete," and "must include 'how' and 'why' the expert reached a particular result, not merely the expert's conclusory opinions."  <u>Salgado by Salgado v. Gen. Motors Corp.</u>, 150 F.3d 735, 742 (7th Cir.

1998).   The Grill Report indicates that Grill will testify on the Federal Motor Carrier Safety Regulations and New Mexico law as part of his discussion of the "standard of care of truck drivers."  Grill Report at 6.  Grill must identify specific statutes to explain "how" and "why" the FMCSR or New Mexico laws are relevant to this standard of care.   General references are insufficient, and E. Leon's argument that Grill "referred to all of part 383 Commercial Driver's License Standards: Requirement Penalty" is unconvincing.  Response at 1.  E. Leon cannot soundly direct FedEx Ground towards a part with thirty-eight sections and dozens of pages.  In Alarid v. Biomet, Inc., No. 14-CV-02667-REB-NYW, 2015 WL 5833839 (D. Colo. Oct. 7, 2015)(Wang, J.), a party sought to satisfy its rule 26(a)(2)(C) obligations by pointing to "large swaths of information," including "510k filings that were produced in Biomet's initial disclosure, including but not limited to, project analysis documentation, design and development planning procedures and documentation, verification and validation testing and documentation, and indications for use documentation."   2015 WL 5833839, at *4.   The Honorable Nina Wang, United States Magistrate Judge for the District of Colorado, rejected this approach, holding that "[d]esignation of such a prodigious volume of material does not constitute a summary of the facts to which the witness[] will testify within the meaning and requirements of Rule 26(a)(2)(C)."   2015 WL 5833839, at *4 (internal citations and quotations omitted)(alterations in original).  As in Alarid v. Biomet, Inc., E. Leon cannot give FedEx Ground adequate notice by directing it to such a "large swath[] of information."  2015 WL 5833839, at *4.

Second, testimony on statutory sections not contained in the Grill Report would prejudice FedEx Ground.  Rule 37 prevents a party from using expert testimony on matters not disclosed in an expert report "unless the failure was substantially justified or is harmless."   Rule 37(c)(1). This limitation avoids

> unduly harsh penalties in a variety of situations: *e.g.,* the inadvertent omission
> from a Rule 26(a)(1)(A) disclosure of the name of a potential witness known to all
> parties; the failure to list as a trial witness a person so listed by another party; or
> the lack of knowledge of a pro se litigant of the requirement to make disclosures.

Fed. R. Civ. P. 37, Advisory Committee Notes to Subdivision (c).  "The burden is on the party

facing sanctions to prove that its failure to comply with Rule 26(a) was substantially justified or

harmless."  Rembrandt Vision Techs., L.P. v. Johnson & Johnson Vision Care, Inc., 725 F.3d

1377, 1381 (Fed. Cir. 2013)(quotation omitted).  Courts examine four factors to determine

whether a failure to disclose information is harmless:

> Several factors guide the Rule 37(c)(1) determination: "(1) the prejudice or
> surprise to the party against whom the testimony is offered; (2) the ability of the
> party to cure the prejudice; (3) the extent to which introducing such testimony
> would disrupt the trial; and (4) the moving party's bad faith or willfulness."

 Gillum v. United States, 309 F. App'x 267, 269 (10th Cir. 2009)(quoting Woodworker's Supply,

Inc. v. Principal Mut. Life Ins. Co., 170 F.3d 985, 993 (10th Cir. 1999)).  See Chambers v. Fike,

No. 13-1410-RDR, 2014 WL 3565481, at *4 (D. Kan. July 18, 2014)(Sebelius, M.J.)("Rule

37(c) permits courts to refuse to strike improper expert opinions and allow the expert testimony

if the violation of the Rules is justified or harmless.").

These factors weigh in favor of limiting Grill's testimony to statutory violation arguments

already disclosed to FedEx Ground.  First, the potential prejudice and surprise to FedEx Ground

from testimony on additional statutory violations is significant.  Grill's testimony will likely be a

key part of E. Leon's case.  See Pretrial Order at 54.  The FMCSR and New Mexico statutes

contain hundreds of potential arguments.  If E. Leon and Grill can pick and choose from among

these laws, FedEx Ground will have no realistic opportunity to challenge Grill's testimony,

placing it in "a very difficult position" in preparing for trial.  Novak v. Bd. of Trustees of S.

Illinois Univ., 777 F.3d 966, 973-74 (7th Cir. 2015)(excluding expert testimony where a

defendant could not retain its own experts to respond to specific points in the plaintiff's expert reports).  See Musser v. Gentiva Health Servs., 356 F.3d 751, 758 (7th Cir. 2004).

Second, E. Leon cannot adequately cure this prejudice.  E. Leon contends that FedEx Ground will "have an opportunity to explore any" statutory violations at Grill's deposition, scheduled for December 29, 2015.  Response at 1.  Several cases appear to support this argument.  In Gillum v. United States, a plaintiff's medical expert submitted a report that omitted information that rule 26(a)(2)(B) requires, including an explanation of the reasons for his conclusions and a list of his participation in other litigation.  See 309 F. App'x at 268.  The district court excluded the expert's testimony and granted summary judgment in favor of the defendant, because cure was impossible: "You only get one chance to confront that expert, if you will, flat-footed, with the benefit of the homework that you can do before you take that expert deposition, and that opportunity is now gone permanently in this case."  309 F. App'x at 269-70.  The Tenth Circuit reversed, noting that "[t]his is not the type of prejudice that justifies the exclusion of an expert's testimony.  The parties to a litigation are not merely players in a game, trying to catch each other out."  309 F. App'x at 270.  The Tenth Circuit then explained why the nondisclosure was curable:

> Importantly, however, Mrs. Gillum had arranged for Dr. Eckardt to be available for a second deposition before the end of the discovery period.  Thus, any prejudice accruing to the United States from an inadequate opportunity to prepare for the first deposition was capable of being cured.  Cf. Woodworker's Supply, Inc., 170 F.3d at 993 (holding that the court gave the defendant "a significant opportunity to cure" by allowing counsel to cross-examine the witness outside of the jury's presence).  Further, to the extent that the second deposition was required because of the inadequate report, the court could order that Mrs. Gillum bear the costs of the second deposition.

309 F. App'x at 270 (emphasis added).[4]  Similarly, the Court found a lack of prejudice in Coffey
v. United States, because the defendant received the supplemental report before deposing the
plaintiff's expert and the defendant could raise its primary objection to the report's admissibility
at trial.  See 2012 WL 2175747, at *1, *12-14.

The Court concludes, however, that this case has more in common with the situation in
Guidance Endodontics, LLC v. Dentsply International, Inc.  E. Leon has "had all of the
information necessary to develop" her arguments on federal and state statutory violations since
the parties completed most of the depositions in 2013.  Guidance Endodontics, LLC v. Dentsply
Int'l, Inc., 2009 WL 3672502, at *4.  The Grill Report is dated October 15, 2015.  See Grill
Report at 1.  If Grill strays beyond the statutory violations mentioned in his Report, FedEx
Ground will be "unaware of the substance of the witness' direct examination testimony," which
is "sufficient prejudice to weigh against permitting amendment."  Guidance Endodontics, LLC v.
Dentsply Int'l, Inc., 2009 WL 3672502, at *4.  E. Leon would thus force FedEx Ground to go
"fishing in the expert's superior knowledge on cross-examination, which is never an enviable
position for one to be in."  2009 WL 3672502, at *5.  See Novak v. Bd. of Trustees of S. Illinois

---

[4]The United States Court of Appeals for the Seventh Circuit has taken a more strict
approach to depositions.  See Ciomber v. Coop. Plus, Inc., 527 F.3d 635, 642 (7th Cir.
2008)("Rule 26(a)(2) does not allow parties to cure deficient expert reports by supplementing
them with later deposition testimony.").  In Salgado by Salgado v. Gen. Motors Corp., 150 F.3d
735 (7th Cir. 1998), the Seventh Circuit explained that expert reports "must be complete such
that opposing counsel is not forced to depose an expert in order to avoid ambush at trial; and
moreover the report must be sufficiently complete so as to shorten or decrease the need for
expert depositions and thus to conserve resources."  150 F.3d at 742 n.6.  The Tenth Circuit
seems to suggest that a deposition already set up or taken may minimize prejudice, but does not
say that the opponent of the evidence must take a deposition.  See Gillum v. United States, 309
F. App'x at 270 (allowing a deposition to mitigate prejudice resulting from a flawed expert
report).  After all, many good counsel only rely on the report and do not depose an expert, and
the rules contemplate only reports, not depositions.  See Fed. R. Civ. Proc. 26(a)(2)(B).  Many
good counsel do not want to signal to the expert before trial what their cross examination will be.
They may prefer to limit the expert precisely to what it in his or her report, rather than let him or
her wriggle out of the report's box based on a deposition.

Univ., 777 F.3d 966, 973-74 (7th Cir. 2015)(rejecting expert testimony beyond report where the district court's time constraints made additional depositions and new witnesses impossible).

This last-minute change could also disrupt the trial, which is currently set for February 22, 2016.  See Amended Minute Order at 1, filed December 14, 2015 (Doc. 105).  As in Guidance Endodontics, LLC v. Dentsply International, Inc., there is a very real chance that the Court will be forced to delay the trial to allow FedEx Ground to respond to any new statutory violation allegations.  See 2009 WL 3672502, at *5.  This delay could force the parties "to rework the travel arrangements of many of the out-of-town witnesses" and prolong the trial beyond the six days that the Court has allotted for it.  2009 WL 3672502, at *5.  FedEx Ground would probably also file additional rule 702 challenges, further disrupting the trial.  See Carbaugh v. Home Depot U.S.A., Inc., No. 13-CV-02848-REB-MEH, 2014 WL 3543714, at *4-5 (D. Colo. July 16, 2014)(Hegarty, M.J.).

Fourth, there are no indications of bad faith or willfulness in this case.  FedEx Ground makes no allegations of bad faith, and it would be hard for it to do so ex ante.  See Motion at 1-3; Reply at 1-3.  Compare Henderson v. Nat'l R.R. Passenger Corp., 412 F. App'x 74, 82 (10th Cir. 2011)(noting that the district court came close to declaring that the plaintiffs acted in bad faith by utterly disregarding their deadlines).  E. Leon's good faith, however, is not sufficient to overcome the other factors.  See Jacobsen v. Deseret Book Co., 287 F.3d 936, 954 (10th Cir. 2002).  The Court will thus prevent Grill from testifying about statutory violation allegations not mentioned with specificity in the Grill Report.

**IT IS ORDERED** that Defendant FedEx Ground Package System, Inc.'s Motion in Limine to Exclude Allegations of Additional Statutory Violations not Disclosed by Plaintiff's

Expert, Lew Grill, filed November 16, 2015 (Doc. 63), is granted.  The Court's ruling applies

only to Lew Grill's testimony at trial.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Mark J. Caruso
Caruso Law Offices, PC
Albuquerque, New Mexico

--and--

Paul D. Barber
Barber & Borg LLC
Albuquerque, New Mexico

     *Attorneys for the Plaintiff*

Robert E. Dapper, Jr.
Bryson F. Datt, Jr.
Burns White LLC
Pittsburgh, Pennsylvania

--and--

Brenda M. Saiz
Michael E. Kaemper
Abigail M. Yates
Rodey, Dickason, Sloan, Akin & Robb, PA
Albuquerque, New Mexico

     *Attorneys for the Defendant*